205 P.2d 583

**BURK v. BURK.**

**No. 5186.**

Supreme Court of Arizona.

April 25, 1949.

Carl Tenney, of Phoenix, for appellant.

Harold R. Scoville and Charles A. Stanecker, both of Phoenix, for appellee.

JOHNSON, Superior Judge.

On October 15, 1945, the plaintiff, Claude E. Burk, filed a complaint in the superior court of Maricopa county against the defendant, Mary Margaret Burk, seeking an absolute divorce, a division of the community property, and custody of John Taylor Burk, age 9, and Kenneth Claude Burk, age 7, minor children of the parties, and requesting the court to place the children in the custody of plaintiff's parents until his return from overseas service.

Three months later an amended complaint was filed seeking the same relief as in the original complaint except asking

the court to award the minor children to him for nine months and to the defendant for three months of each year. On the same date the defendant filed a general denial to the amended complaint.

The parties at the same time filed a property settlement agreement wherein they agreed that plaintiff should have custody of the minor children for nine months of each year, and the defendant should have the children during the months of June, July, and August of each year, and asked the trial court's approval of such arrangement.

The matter was tried on January 10, 1946, upon the testimony of plaintiff and one witness, defendant having waived her right to introduce any testimony, and on said date a decree of divorce was granted to plaintiff and the property settlement of the parties was approved as to the division of the community property. Also the court approved the agreement as to the custody of the children.

Defendant on July 21, 1947, filed a petition seeking a modification of the original decree by asking for complete custody of the minor children, and after a hearing the petition was denied.

Defendant again on September 4, 1948, filed a petition for modification of the original decree of divorce seeking complete custody of the minor children, with visitorial rights to plaintiff, and after a hearing the trial court modified the decree of January 10, 1946, granting defendant custody of the minor children during the school months and the plaintiff their custody during the months of June, July, and August of each year. Plaintiff has appealed from the order of modification, assigning as error that the evidence disclosed no change in conditions or circumstances affecting the welfare of the children which would warrant a change of custody, and that such order of modification was an abuse of discretion by the trial court.

It appears the parties were married in February, 1935, and lived in Phoenix where plaintiff was employed by the police department until about November, 1943, when plaintiff left for overseas service in the Armed Forces, during which time he provided an allotment of $280 per month for defendant and his minor children as well as furnishing a home in Phoenix.

Shortly thereafter defendant met one Arthur A. Johnson, and in February, 1944, became employed as a saleslady for the firm he represented. She was trained in the work by Mr. Johnson and he spent considerable time at her home. Mr. Johnson was transferred to California, and defendant also requested a transfer to California. Later defendant was transferred to Nevada, and Mr. Johnson was sent along as company manager. Defendant had the children with her during all this time.

It was while defendant and Mr. Johnson were in Nevada that plaintiff instituted the

action for divorce, which as above stated, resulted in the decree of divorce on January 10, 1946. On January 20, 1946, defendant married Arthur A. Johnson, and thereafter they moved to their present residence in Williston, North Dakota, where the minor children stayed during the time defendant had their custody under the agreement and decree.

Plaintiff remarried in May, 1946; was divorced in May, 1947; remarried the same woman in July, 1947; and was again divorced in August, 1948. Plaintiff at the time of the filing of the petition for modification was single, but had arrangements with his mother and father to assist in caring for the minor children while in his custody.

Section 27-811, A.C.A.1939, authorizes the court after a divorce is granted to amend, change, or alter any provision therein respecting the care, custody, or maintenance of the children of the parties as the circumstances of the parents and the welfare of the children may require.

This court has often held that the trial judge is in the best position to determine what is best for the child, and, unless it appears very clearly that he has mistaken or ignored the evidence, or failed properly to evaluate it, we will not disturb his decision on that vital question. Gotthelf v. Gotthelf, 38 Ariz. 369, 300 P. 186.

However, it should be borne in mind that upon a proceeding to modify a provision for the custody of children, the burden is on the moving party to satisfy the court that conditions and circumstances have so changed after the original decree as to justify the modification. Every presumption is in favor of the reasonableness of the original decree; and in the absence of a showing that a substantial change in circumstances has occurred subsequent to the entry of a decree awarding custody of children to one of the parents, or that there has been some misconduct on the part of the parent having custody, the decision of the court awarding custody of minor children is final and cannot be modified by the court rendering it. Gavel v. Gavel, 123 Cal.App. 589, 11 P.2d 654; Borigo v. Borigo, 142 Or. 46, 18 P.2d 810; Bestel v. Bestel, 153 Or. 100, 44 P.2d 1078, 53 P.2d 525; 27 C.J.S., Divorce, § 317(b).

We have examined the evidence in this case carefully, and considering the usual ill feelings between parties in an action of this kind, there is little actual conflict in the testimony. The defendant has not shown and the record does not disclose that there has been any change in the circumstances concerning the minor children since the decree of divorce was rendered, or any misconduct on the part of plaintiff, or that the welfare of the children would be improved to such an extent that would warrant a modification of the decree.

This court stated in Gotthelf v. Gotthelf, supra [38 Ariz. 369, 300 P. 188]:

"* * * Granting the power of the court to modify its judgment and decree in the two respects mentioned, *it is at once manifest that such power should be exercised only for the most cogent reasons. * * *"* (Emphasis supplied.)

We fail to find any evidence offered by defendant upon which the trial court could say that any cogent or convincing reasons were presented to warrant the modification. On the contrary, the evidence does show that the same conditions existed at the time of the hearing of the petition for modification as existed at the time of the original decree awarding custody to plaintiff. The evidence does show that plaintiff has taken care of the children in a proper manner and in a suitable home; they respect him and have been happy while in his custody.

On the other hand, the evidence shows that defendant caused the home to be broken up because of her conduct and association with a third person, and the implications that arise from her associations and travels, prior to her divorce, with her present husband were undoubtedly taken into consideration by the trial court in rendering the original decree fixing the custody of the children.

The general rule in cases involving custody of minor children is that the interest and welfare of the child is the primary and controlling question. Brad-street v. Bradstreet, 34 Ariz. 340, 271 P. 717. We must presume that this rule was considered and applied by the court when it entered the decree of divorce, giving plaintiff custody of the minor children for nine months each year. To deprive plaintiff of this custody and justify a modification of the decree, it was necessary, as above stated, that a change of conditions and circumstances be shown, or new facts presented, which were unknown to the applicant at the time the decree was entered.

Defendant has wholly failed to sustain the allegations of her petition for a modification of the decree. There is no substantial evidence in the record here that plaintiff was in any way an unfit person to have the custody of the minor children or that the welfare of the children would be improved by a modification of the decree. We hold that the court's action herein in modifying the final decree was arbitrary and an abuse of discretion.

It is therefore the opinion of this court that the order modifying the decree should be reversed, and it is so ordered.

UDALL, STANFORD, PHELPS, and DE CONCINI, JJ., concur.

Note: Due to illness of Chief Justice ARTHUR T. LA PARADE, the Honorable J. MERCER JOHNSON, Judge, Superior Court, Pima County, was called to sit in his stead.