371 P.2d 1022

**Dowell P. WARD, Appellant,**

v.

**Aurelia C. WARD, now Dotts, Appellee.**

**No. 7488.**

Supreme Court of Arizona.

In Division.

June 6, 1962.

W. E. Ferguson and Edwin R. Powell, Holbrook, for appellant.

Christy, Kleinman, Peterson & Hoyt, Phoenix, for appellee.

JACK L. OGG, Superior Court Judge.

The appellant, Dowell P. Ward, petitioned the trial court to modify a portion of a divorce judgment relative to the custody of the minor child of the parties. From an order by the trial court denying Dowell P. Ward's petition to modify the judgment to give him full custody of his son, he has instituted this appeal.

The history of this case in the courts of this state is as follows: the parties were divorced in 1955, and in an uncontested action, Mrs. Ward was given full custody of the minor boy; Mr. Ward's petition to modify the judgment so as to obtain custody for the three summer months was heard and denied by the trial court in 1957, on the ground there was no change of circumstances; Mr. Ward appealed to this court, and in the case of Ward v. Ward, 88 Ariz. 130, 353 P.2d 895 (1960), rehearing, 88 Ariz. 285, 356 P.2d 30 (1960), this court reversed the lower court and sent the case back for trial with directions to try the specific issue of whether the father was a fit and proper person to have any custody; pursuant to the mandate of this court, the trial court, in March of 1961, retried the case and entered an order modifying the original divorce decree to allow Mr. Ward to have custody of his son for the three summer months; in August, 1961, he again instituted a petition to modify the judgment to allow him full custody of his son, and it is from the trial court's denial of this petition that this appeal arises.

The appellant has set forth twelve assignments of error, but in the final analysis, this case is reduced to one issue. Did the trial court abuse its discretion by refusing to further modify the prior custody order in the divorce judgment?

The trial court, after hearing the case and observing the witnesses first hand, entered an order with a finding " * * * that the welfare of this child and the best interest of this child cannot be advanced by changing the last Order and Decree of this court * * *."

It is well settled that a judgment of a trial court as to the best interest of a child in a case such as this, cannot be set aside on appeal unless it clearly appears the trial court has abused its discretion. Ward v. Ward, supra; Gotthelf v. Gotthelf, 38 Ariz. 369, 300 P. 186 (1931); Bradstreet v. Bradstreet, 34 Ariz. 340, 271 P. 717 (1928); McFadden v. McFadden, 22 Ariz. 246, 196 P. 452 (1921).

We have studied the transcript of record and do not find any abuse of discretion by the trial court.

Order of the trial court is affirmed.

UDALL, V. C. J., and LOCKWOOD, J., concur.