400 P.2d 105

**Gregory ANDRO, Appellant,**

**v.**

**Kathleen ANDRO, Appellee.**

**No. 7701.**

Supreme Court of Arizona.

En Banc.
March 17, 1965.

Rehearing Denied May 5, 1965.

See 401 P.2d 404.

R. R. Woodford, Phoenix, for appellant.

Peterson, Estrada, Matz & Machmer, Phoenix, for appellee.

UDALL, Justice.

This is an appeal from an order of the superior court of Maricopa County changing custody of minor children by granting partial custody to the mother.

A decree of divorce was granted Gregory Andro, hereinafter referred to as appellant, on June 30, 1961 against Kathleen Andro, hereinafter referred to as appellee. The court decreed that appellant (the father) is a fit and proper person to have custody of the two minor children and awarded custody to the appellant. Subsequently on September 5, 1961, the appellee petitioned the court—asking for custody of the children, child support, alimony, and a division of the community property. The matter was heard beginning January 3, 1962, and on January 30, 1962 after having the matter under advisement the court granted a modification of the original decree, giving appellee custody of the minor children during the summer vacations from school and alternate Christmas vacations.

The appellant subsequently filed this appeal from the order modifying the decree of divorce.

The question before this Court is whether the lower court abused its discretion by modifying the decree of divorce on the evidence presented at the trial pertaining to a change of circumstances affecting the welfare of the children since the date of the divorce decree.

The record in this case, as in cases of this nature, is replete with emotional charges and countercharges; however, the record does reveal the following basic facts leading up to the present controversy.

In 1948, one Eugene Joiner was employed by appellant's mother and father as a cook in Kenosha, Wisconsin. The appellant was about ten years of age and living with his mother and father and younger brother. In 1949 Eugene Joiner and the appellant's mother left together and went to Rock Springs, Wyoming. After Eugene Joiner and appellant's mother had lived together for about a year they got married and later moved to Phoenix, Arizona.

Appellant and his brother were reared by his grandmother in Kenosha, Wisconsin, and subsequently in January 1954 the appellant and appellee were married in Kenosha, Wisconsin. From this marriage two children were born, Jean Marie, who at the time of the divorce was five and one-half years old, and Richard who was three and one-half years old. In November 1959 the appellant moved to Phoenix to work for his uncle. Appellee and the two children joined appellant in Phoenix in March of 1960.

When appellant first arrived he met Eugene Joiner, his stepfather, and after several conversations decided to forgive and forget the past difficulties and bought a house next door to his mother and Eugene Joiner.

On February 26, 1961, appellant arrived home in the evening after work and discovered that his stepfather, Eugene Joiner, his wife (the appellee) and the children had disappeared. The following day he discovered that his wife had drawn $950 from their joint savings account. In March he discovered that his wife and Eugene Joiner and his two children were living together in Rock Springs, Wyoming. He traveled up to Rock Springs and took the two children back to Phoenix with him and filed suit for divorce.

The evidence discloses that from February 26, 1961 until March 1961, appellee and Eugene Joiner lived together as husband and wife and slept together many times in the same room with the two children as they traveled from Phoenix to Rock Springs, and all of the time they were in Rock Springs, Wyoming. The record also reveals that appellee told the oldest child that she and Eugene Joiner were married and on a honeymoon. The appellee also received mail as Mrs. Eugene Joiner.

Upon returning to Phoenix in March of 1961, appellant immediately filed suit for divorce and attempted to serve appellee by registered mail. The appellee returned to Phoenix from April 8, 1961 to April 13, 1961. The record discloses that appellee was aware of the pending divorce action and even sought advice of a lawyer. However, she did not respond to or contest the action. On April 13, 1961 the appellee and Eugene Joiner left town together and went back to Rock Springs, Wyoming, living together as husband and wife until July 29, 1961 when they were married, and at the time of the trial were still living there. The trial court entered the original divorce decree on June 30, 1961 and awarded custody of the two children to appellant.

The record discloses that since March 1961 appellant has had custody of the two minor children and has resided in his home where he hired a housekeeper who lived at the home and cared for the children while appellant was at work. The evidence reveals that the children were well cared for, healthy, and happy.

On September 5, 1961 appellee petitioned the lower court for a modification of the divorce decree with respect to the custody of the children, among other things alleging in substance that the conditions existing at the time of the original decree have changed.

Continuing jurisdiction to amend, change or alter the provisions of a decree relating to the custody of minor children is expressly recognized by statute, A.R.S.

§ 25–321 (1956). It is, however, the rule that as a condition to modification of custodial provisions of the original divorce decree there must be shown a change of circumstances materially affecting the welfare of the children. Smith v. Smith, 90 Ariz. 190, 367 P.2d 230 (1961) and cases cited therein. In such matters pertaining to custody the best interest of the child is the primary consideration of the court; so where a change of custody is sought, it must be shown that the welfare of the child will be advanced by the change. Smith v. Smith, supra; Cone v. Righetti, 73 Ariz. 271, 240 P.2d 541 (1952). The trial court is in the best position to judge what will be in the best interest of the child and this Court will not disturb that judgment on appeal unless it clearly appears the trial court has abused its discretion. Ward v. Ward, 91 Ariz. 296, 371 P.2d 1022 (1962). But if the record shows an abuse of sound judicial discretion this Court will not hesitate to reverse or modify. Galbraith v. Galbraith, 88 Ariz. 358, 356 P.2d 1023 (1960); Ward v. Ward, 88 Ariz. 130, 353 P.2d 895 (1960); Burk v. Burk, 68 Ariz. 305, 205 P.2d 583 (1949).

In Burk v. Burk, supra, we said: "However, it should be borne in mind that upon a proceeding to modify a provision for the custody of children, the burden is on the moving party to satisfy the court that conditions and circumstances have so changed after the original decree as to justify the modification. Every presumption is in favor of the reasonableness of the original decree; and in the absence of a showing that a substantial change in circumstances has occurred subsequent to the entry of a decree awarding custody of children to one of the parents, or that there has been some misconduct on the part of the parent having custody, the decision of the court awarding custody of minor children is final and cannot be modified by the court rendering it. * * *" 68 Ariz. at 308, 205 P.2d at 584.

Earlier in Gotthelf v. Gotthelf, 38 Ariz. 369, 300 P. 186 (1931) we said:

"* * * Granting the power of the court to modify its judgment and decree * * * it is at once manifest that such power should be exercised only for the most cogent reasons. * * *" 38 Ariz. at 374, 300 P. at 188.

An examination of the record reveals that the change which had occurred since the original decree was the marriage of appellee (mother) to her paramour. It should be noted the remarriage was with appellant's stepfather, the very person who collaborated with the appellee in taking the children out of Arizona without the knowledge of appellant. Appellee contends now that she has a home for the children since

she remarried and that this is a sufficient change of circumstances to justify a modification of the original decree. We fail to see why this fact alone provides any cogent or convincing reason to warrant a modification. See Burk v. Burk, supra. On the contrary, the evidence does show that the same conditions with respect to the welfare of the children existed at the time of the hearing of the petition for modification as existed at the time of the original decree awarding custody to appellant. The evidence does show that appellant has taken care of the children in a proper manner and in a suitable home; they have been happy while in his custody and respect him.

Appellee's conduct with Eugene Joiner and the implications that arise from her associations and travels, prior to her divorce, with her present husband were undoubtedly taken into consideration by the trial court in rendering the original decree fixing the custody of the children. We find, upon a careful review of the record, that appellee has wholly failed to sustain the burden that conditions and circumstances have so changed after the original decree as to require a change of custody for the best interests of the children. There is no showing in the record that appellant was in any way an unfit person to have the custody of the minor children or that the best interests of the children would be improved by a modification of the decree. We hold that the court's action herein in modifying the final decree was arbitrary and an abuse of discretion.

The order modifying the decree to provide for a partial change of custody is reversed. We believe the record would at most justify only a modification of the original decree to provide for reasonable visitation rights to the appellee. Cause remanded for proceedings not inconsistent with this opinion.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and McFARLAND, JJ., concurring.