416 P.2d 1013

**Gail HUTCHISON, Appellant,**

**v.**

**William G. HUTCHISON, Jr., Appellee.**

**No. I CA–CIV 306.**

Court of Appeals of Arizona.

July 27, 1966.

Rehearing Denied Sept. 2, 1966.
Review Denied Oct. 18, 1966.

M. B. Moseley, Phoenix, for appellant.

Peterson, Estrada & Matz and Bruce Bayer, by Bruce Bayer, Phoenix, for appellee.

DONOFRIO, Judge.

This is an appeal from an adverse ruling on a petition made by the plaintiff-mother to have the custody of two minor children taken from defendant-father and awarded to her.

The parties are parents of Michael age ten and Traci Fae age seven and were divorced while the children were very small. Since the divorce both parties have remarried. The record before us starts with the custody order of June 19, 1963, wherein the court awarded custody of the children to the mother, appellant, during two summer months each year and to the father, appellee, during the remainder of the year.

In April 1964, appellant, alleging a change of circumstances, petitioned the court for a change of custody charging that appellee neglected his responsibilities as a father in not properly feeding and clothing the children and in associating with persons having a criminal record. On May 25, 1964, after a contested hearing, the Honorable Robert E. McGhee found both parties to be fit and entered an order awarding the children to the father during the nine school months and to the mother during the summer vacation months of every year. The court made other orders with reference to visitorial privileges and regarding the conduct of the parties in front of the children. The court then generally stated that the children should not be permitted to come in contact with persons of known criminal character and specifically provided "that Defendant is a fit and proper person, providing he refrains in the future from subjecting the children to associating with people of known criminal character".

Thereafter on August 17, 1964, appellant filed another petition for an order to show cause directed to appellee why the custody of the children should not be granted to her alleging that appellee had violated the previous order of the court in that he had been associating with known criminals and people with criminal records and had permitted the children to come in contact with them. After another full hearing, this time before the Honorable Kenneth C. Chatwin, the court on September 9, 1964, found that the appellee had permitted the children to come in contact with persons who had criminal records but that such contact did not adversely affect the children. The court further ruled that while one of such persons may not have had any problem with the law in recent years and now appears to be law-abiding that nevertheless, the previous orders of the court must be followed strictly.

Following Judge Chatwin's order appellant, on May 12, 1965, filed her third petition alleging that appellee had continued to violate the orders of the court with reference to his association with the criminal element and again sought full custody of the children. This time the matter was heard before the Honorable Irwin Cantor. After a full hearing in which the children were interviewed and the parties and other witnesses testified the court rendered its opinion on September 10, 1965, denying appellant's petition for change of custody and quashing the order to show cause against appellee. This appeal followed.

■ The sole issue for our consideration is whether the trial judge abused sound judicial discretion in not changing the previous order and awarding to appellant-mother the full custody of the children on the basis of the facts presented to him. Any change in custody of minor children should be made only for most cogent reasons and those reasons must be based on considerations affecting future welfare of child, Andro v. Andro, 97 Ariz. 302, 400 P.2d 105 (1965).

Appellant first urges that the trial court erred in assuming that it was limited or controlled, as far as modification of the custody order is concerned, by proof of "changed circumstances" from the time of the last order. We are unable to find in Judge Cantor's ruling any reference that he denied appellant's petition for this reason, however, since the court in one of its earlier hearings mentioned the fact we shall touch upon the matter.

■■ We have recently passed on this question in Bailey v. Bailey, 3 Ariz.App. 138, 412 P.2d 480 (1966). We held that the statutes do not require changed conditions as a prerequisite to the modification of a previous child custody order and recognized that the petitioner must show changed circumstances which affect the welfare of the child. The paramount and primary consideration is the welfare of the child. See also Ward v. Ward, 88 Ariz. 130, 353 P.2d 895 (1960).

Appellant next urges that the trial judge abused sound discretion in mistaking, ignoring or failing to properly evaluate the evidence.

■ The trial judge is in the best position to determine which is best for the child,

and unless it appears very clearly that he has mistaken or ignored the evidence, or failed to properly evaluate it, his decision will not be disturbed. Burk v. Burk, 68 Ariz. 305, 205 P.2d 583 (1949).

We have examined the evidence carefully and do not find an abuse of discretion as urged by appellant. The court talked to the children in chambers with counsel asking questions. Although important, the wishes of these children because of their age are not controlling, however, it is to be noted that they did not hesitate to say that they wanted to live with their father while going to school and that they would like to be with their mother during the summer months. They testified that they got along well in the home of their stepmother and the new baby half-brother. That they were regularly attending and doing well in school and being properly cared for. That they attended church regularly. Although Michael knew some of the allegedly criminal characters about whom he was questioned he did not testify to associations or contacts with them. It had been some time since he had seen some of them and the contacts appeared to be of little consequence. Traci Fae's testimony was generally to the same effect.

We are unable to find that the court has abused its discretion by mistaking or ignoring the evidence. The testimony regarding the childrens' contact and association with persons of criminal character was contradictory. The damaging evidence in this regard was denied by appellee and his wife and the court could well have found that there was no wilful violation of the court's order. The court could also have found that whatever contact the children may have had with persons with criminal records was of little or no consequence. A lack of knowledge by appellee that some of the named persons had criminal records and in other instances that the record was for misdemeanors arising out of drinking may have had some bearing on the court's ruling. There was some evidence regarding an association by appellee with a narcotics informer which occurred out of the presence of the children that the court could have well disbelieved.

This Court will not substitute its opinion for that of the trial court who was in the better position of determining what was for the best interest and welfare of the children by reason of the fact that he interviewed and observed them and heard and observed the witnesses.

Affirmed.

STEVENS, C. J., and CAMERON, J., concurring.