457 P.2d 753

**Gerald L. MARLEY, Appellant,**

**v.**

**Barbara J. Marley SPAULDING, Appellee.**

**No. I CA–CIV 981.**

Court of Appeals of Arizona,
Division 1.

Aug. 11, 1969.

Hunter, Bartlett & Penn, by Gerald D. McCafferty and Ben C. Friedman, Phoenix, for appellant.

Johnson, Shelley, Roberts & Riggs, by L. Alton Riggs, Jr., Mesa, for appellee.

KRUCKER, Judge.

Plaintiff-appellee, Barbara J. Marley, was divorced from defendant-appellant, Gerald T. Marley, in May 1965. Defendant was awarded custody of the minor children. Plaintiff, in this action, petitioned for modification of the child custody provisions, alleging that substantial change of circumstances had occurred since the original decree. Plaintiff also requested child support payments. The court found in favor of the plaintiff, awarding her custody of the three minor children and granting child support in the amount of $90.00 per month. Defendant appeals.

Presenting the facts in a light most favorable to sustaining the trial court, they are as follows. Both parties have remarried. The plaintiff and her new husband are living in a trailer in Mesa, Arizona, and have three children living with them, two

boys, ages 15 and 16, the husband's children by a prior marriage, and a son, 1 or 2 years old, a child of the present marriage. The defendant and his present wife live in a four bedroom home. They have four children living with them who are the children of the wife's prior marriages.

The case had been permanently assigned to the Honorable George M. Sterling, judge of the superior court of Maricopa County, who heard the order to show cause, took the matter under advisement and on September 19, 1967, denied the petition to modify, but ordered a review of the case to be held in January, 1968. Prior to review, because of the untimely death of Judge Sterling, the case was assigned to the Honorable Roger Strand.

The minute entry entered by Judge Sterling reads as follows:

"This cause having been under advisement, IT IS NOW ORDERED that the Petition to Modify the Decree of Divorce herein be, and the same is hereby, denied."

FURTHER ORDER setting this matter for review on Tuesday, January 16, 1968, at 4:00 P. M., in Div. 12, all parties will appear at the time of the review without further notice."

No further hearings were held, although Judge Strand interviewed defendant and plaintiff jointly and separately, and the three children on April 30, 1968.[1] On June 28, 1968, Judge Strand entered the order appealed from here.

At the time of divorce, the children were ages 7, 6 and 3½ respectively; they are now approximately 12, 11 and 9 respectively. When defendant appealed this action, he posted a supersedeas bond so the three children of the Marley marriage are still living with him, although a subsequent order gave plaintiff visitation rights on every other weekend. If defendant is awarded custody of the three children, there will be seven children in his household. If the order is

affirmed, plaintiff will be living with her husband and six children in the two bedroom housetrailer. The only actual change of circumstances is the fact that both parties have remarried and there are now additional children.

The questions presented for review are:

(1) Whether the trial court abused its discretion in granting plaintiff's motion for modification of the divorce decree as to the custody of the children and payment of support money for them; and

(2) Whether the trial court committed error in not allowing defendant to introduce evidence as to material matters existing either at the time of the divorce or shortly prior thereto.

■ Ordinarily, the Court of Appeals will not substitute its judgment for that of the trial court. Burk v. Burk, 68 Ariz. 305, 205 P.2d 583 (1949). Here, however, Judge Strand neither heard nor observed the witnesses on the stand in the original hearing for modification. He had, just as we do on appeal, only the reporter's transcript of testimony presented. Every presumption is in favor of reasonableness of the original divorce decree and in the absence of showing a substantial change subsequent to the entry of the decree awarding custody to one of the parents or that there has been some misconduct on the part of the party having custody, the decision of the court awarding custody is final and the burden is on the moving party to satisfy the court that circumstances have so changed after an original decree that modification is justified. Burk, supra.

■ Judge Sterling originally denied the petition for change of custody. In order to modify the custody provisions of the divorce decree, there must be a change in circumstances materially affecting the welfare of children. 9 A.R.S. § 25–321. *See*

---

1. Minute Entry dated April 30, 1968:
   " * * * The Court interviews Mr. Marley and Mrs. Spaulding jointly, interviews all three children, and then interviews separately, Mrs. Spaulding, and Mr. Marley, separately."

**215**

*also,* Andro v. Andro, 97 Ariz. 302, 400 P.2d 105 (1965). The parent who seeks modification has the burden of proving that the changed circumstances, if any, affect the welfare of the children. Hoffman v. Hoffman, 4 Ariz.App. 83, 417 P.2d 717 (1966); Leach v. Leach, 179 Kan. 557, 296 P.2d 1078 (1956).

From the general circumstances of the parties, their living conditions and facilities, and a careful reading of the transcript, it appears to this court that plaintiff did not sustain her burden of proof.

The June 28, 1968, order is therefore set aside.

MOLLOY, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.