479 P.2d 721

**Gerald Sterling JOHNSON, Appellant,**

**v.**

**Vikki Diane JOHNSON, Appellee.**

**No. I CA–CIV 1246.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 25, 1971.

Rehearing Denied Feb. 19, 1971.
Review Denied March 23, 1971.

Jason & Sill by Donald L. Jason, Phoenix, for appellant.

George Sorenson, Jr., Phoenix, for appellee.

DONOFRIO, Judge.

Plaintiff-appellant, Gerald Sterling Johnson, was granted an absolute decree of divorce from defendant-appellee, Vikki Diane Johnson, by the Maricopa County Superior Court in August 1967. Appellant was awarded custody of their two minor children, Stephanie Diane Johnson, born December 7, 1962, and Jeffrey Sterling Johnson, born October 14, 1965. The decree was entered after default. Appellee twice petitioned in the Superior Court for modification of the custody provisions of the decree, first in October 1967, and later in April 1969. Changed circumstances were alleged as grounds for both petitions. On the first petition the court found in favor of the appellant, but granted appellee's 1969 petition. It is from the latter order that this appeal was taken.

The facts are essentially these: The appellee remarried in September 1967, and the appellant in October 1968. In 1967, shortly after she left appellant and her children, the appellee moved to a suburb of Los Angeles where she met her present husband. At the time of the hearings on both petitions, appellee's present husband was employed as a "junior engineer" for an aerospace manufacturer. Appellee is a housewife and does not work outside her home. She and her husband live in what was described as a large three-bedroom home in a nice neighborhood.

Prior to the divorce appellant and appellee had lived in Tempe, Arizona, where appellant was a premedical university student. After the divorce appellant, having been granted custody of the children, continued to reside with the children in Tempe. In support of her 1969 petition to modify, the appellee contended that the children had not until shortly before the filing of the petition resided with appellant, but had instead been staying with their paternal grandparents. It was brought out during the second hearing that on several occasions after the divorce the children were taken to the home of Mr. Johnson's parents on a farm near Yuma, Arizona, including a period from September 1968 to the middle of March 1969, when they lived on the farm and were enrolled in school in Somerton, Arizona, a rural community nearby. During this period appellant testified that he visited the children on weekends. At the time of the 1969 hearing both appellant and his present wife were employed but because appellant worked a night shift and his wife worked a day shift, the period in each day when the children were left under the care of persons other than Mr. Johnson or his wife was short in duration.

Under the original custody provisions appellee was awarded liberal visitation privileges consisting of not less than two months each summer and alternate year two-week Christmas vacations. Under the amended decree appellant was to have the same visitation privileges as were vested in appellee under the original decree.

The Superior Court in its Memorandum of Opinion noted that appellee was "penitent and contrite" regarding her action in leaving appellant and her two young children in 1967, concluding that she would now be a good mother. The opinion also pointed out that appellant's present wife had become very attached to the children and had assumed the role of the natural mother. It further states:

"* * * There is little doubt * * * that if the children remain in the Johnson home they will, at their impressionable ages, more and more, consider the present Mrs. Johnson as their 'mother'

and will consider Mrs. Cooley in a secondary role."

We must determine whether, under the facts and circumstances of this case, it was an abuse of the Superior Court's discretion to modify the decree of divorce and grant custody of the two minor children to the appellee.

The Superior Court has continuing jurisdiction to modify a divorce decree respecting the custody of the children of the parties "as circumstances of the parents and welfare of the children require." A.R.S. § 25–321. It has long been the policy of this State that in determining whether a petition for modification should be granted or denied the primary, paramount and controlling consideration is the welfare of the child. Johnson v. Johnson, 105 Ariz. 233, 462 P.2d 782 (1970). Our statutes do not require, as a prerequisite to modification of the custody provisions of a decree of divorce, that there be a showing of change in circumstances materially affecting the welfare of the children. The case law of this State does, however, require such a showing. Andro v. Andro, 97 Ariz. 302, 400 P.2d 105, rehearing denied, 98 Ariz. 1, 401 P.2d 404 (1965); Galbraith v. Galbraith, 88 Ariz. 358, 356 P.2d 1023 (1960); Ward v. Ward, 88 Ariz. 130, 353 P.2d 895 (1960); Cone v. Righetti, 73 Ariz. 271, 240 P.2d 541 (1952); Burk v. Burk, 68 Ariz. 305, 205 P.2d 583 (1949). The trial court is in the best position to judge what will be in the best interest of the children and the reviewing court will not disturb that judgment on appeal unless it clearly appears that the discretion residing in the Superior Court has been abused. Andro v. Andro, supra; Ward v. Ward, 91 Ariz. 296, 371 P.2d 1022 (1962). However, if the record discloses an abuse of sound judicial discretion the reviewing court will not hesitate to reverse or modify. Dunbar v. Dunbar, 102 Ariz. 352, 429 P.2d 949 (1967); Smith v. Smith, 90 Ariz. 190, 367 P.2d 230 (1961).

Every presumption is in favor of the reasonableness of the original decree, and in the absence of a showing that a substantial change in circumstances has occurred subsequent to the entry of a decree awarding custody of children to one of the parents, or that there has been some misconduct on the part of the parent having custody, the decision of the court awarding custody is final and cannot be modified by the court rendering it. Burk v. Burk, supra. Important, therefore, in the consideration of this appeal is the fact that during the period from the denial of appellee's first petition to the filing of her second petition, no events occurred pertaining to the appellant's and appellee's relationship with the children which could be called a substantial change in circumstances. The sole factor alleged by appellee to be a change in circumstances warranting modification of the decree concerned the several-month period during which time the children lived with the paternal grandparents. In Rice v. Rice, 36 Ariz. 190, 283 P. 922 (1930), the Superior Court's denial of a motion to amend the custody provisions of a divorce decree was upheld on appeal where the record showed that the mother, who had been awarded custody, did not keep the child with her but instead arranged for the child to live with its maternal grandparents. In the instant case it is not contended that the appellant is unable to provide a home for the children. The record supports a conclusion that the period during which the children stayed with appellant's parents was only temporary, the children having been returned to Tempe and enrolled in school there before the filing of the petition. A change in the environment of minor children does not constitute a basis for modification of the custody provisions of a decree absent a showing that such change was substantial and detrimental. Davis v. Davis, 78 Ariz. 174, 277 P.2d 261 (1954).

At the time Judge Henderson denied appellee's first petition for modification ap-

pellee had only very recently remarried. Her second petition was filed almost a year and a half thereafter, tending to substantiate the stability of her new marriage. We believe, however, that the marital stability gained by appellee over this period does not either by itself or combined with the other circumstances constitute grounds for modification of the decree. Cf. Marley v. Spaulding, 10 Ariz.App. 213, 457 P.2d 753 (1969).

Although we are reluctant to question the Superior Court's exercise of its judicial discretion in a matter of this character, it is the welfare of the children which must take precedence in determining our disposition of the appeal. The children herein involved are still young. We agree with the statement that where young children have by a custody award been placed in one home and have remained there for a substantial period of time and the situation there appears to be satisfactory, the court should be reluctant to remove them. 24 Am.Jur.2d Divorce and Separation § 820 (1966). Only the most cogent reasons justify a change of custody in such a case. Heater v. Heater, 254 Iowa 586, 118 N.W.2d 587 (1962).

In the Superior Court's Memorandum of Opinion it was noted that by remaining with appellant the children will consider appellant's present wife as their natural mother and will consider appellee in a secondary role. If this position has merit, a change of custody at this point would equally affect the children's attitude toward appellant.

Although we readily recognize that a child is entitled to know both natural parents and to receive their love and guidance, the possibility as announced by the court of subordination of appellee's role in the children's lives is not a change in circumstances that will support a modification. Should appellant's conduct be such as to alienate the children from their natural mother, appellee is not precluded from bringing that matter to the attention of the Superior Court.

The order modifying the custody provisions of the decree is not supported by the evidence.

Reversed.

STEVENS, P. J., and J. THOMAS BROOKS, Superior Court Judge, concur.

NOTE: Judge JAMES DUKE CAMERON having requested that he be relieved from consideration of this matter, Judge J. THOMAS BROOKS was called to sit in his stead and participate in the determination of this decision.