NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

In re the Matter of:

KYLE DALE VANDEN BOSCH,
*Petitioner/Appellee*,

v.

LINDSEY PARK VANDEN BOSCH,
*Respondent/Appellant*.

No. 1 CA-CV 22-0008 FC
FILED 11-10-2022

---

Appeal from the Superior Court in Maricopa County
No.  FC2012-003520
The Honorable Lori Ash, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

The Cavanagh Law Firm, PA, Phoenix
By Helen R. Davis, Nicholas J. Brown
*Counsel for Petitioner/Appellee*

Dickinson Wright, PLLC, Phoenix
By Marlene A. Pontrelli, Vail Cloar, Alexandra Crandall
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Randall M. Howe and Judge D. Steven Williams joined.

---

**W E I N Z W E I G**, Judge:

¶1        Lindsey Park Vanden Bosch ("Mother") appeals the superior court's order granting legal decision-making and attorney fees to Kyle Dale Vanden Bosch ("Father").  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Father divorced in 2011 and share three minor children.  The dissolution decree, entered in Tennessee, awarded Mother joint legal decision-making authority over the children and designated her the primary residential parent.  Mother moved to Arizona and domesticated the Tennessee decree in 2012.  Father moved to Arizona in 2013.

### June 2016 Order

¶3        A year later, Father was concerned that Mother was abusing alcohol and petitioned the superior court to modify the legal decision-making order.  The superior court granted Father's petition in June 2016 ("June 2016 Order"), finding a substantial and continuing change of circumstances based on Mother's "actions relating to substance abuse, including her arrest for driving under the influence and arrest for assault after drinking, along with the parties' significant lack of cooperation." Given this evidence, the court recognized a rebuttable presumption that granting sole or joint legal decision-making authority to Mother was not in the children's best interests.  *See* A.R.S. 25-403.04(A).  Because Mother did not rebut this presumption, Father was designated the primary residential parent and awarded sole legal decision-making authority.

¶4        The superior court also reduced Mother's parenting time, but explained how she could resume equal parenting time and joint legal decision-making.  Among other things, Mother had to "complete an intensive inpatient or residential alcohol treatment program," and submit to alcohol testing.  Once she completed the treatment program, Mother had "to file a motion with the [superior court] for referral to the FACT court," a

2

specialty court devoted to family assessment, counseling and testing. Mother was then required to "participate in FACT Court's assessment, education, and treatment," and upon her "successful graduation from the FACT court," the superior court authorized the "FACT Court judge" to "resume equal parenting time [and] joint legal decision-making."

¶5 And last, the court granted Father's request for attorney fees because Mother was acting unreasonably and the parties had similar incomes.

**November 2017 Stipulated Order**

¶6 Mother petitioned in July 2017 to modify the June 2016 Order. She argued the court was required to restore her parental rights as a matter of law because she completed the intensive treatment program outlined in the June 2016 Order, and because joint legal decision-making was in the children's best interests. The superior court held an evidentiary hearing in November 2017, during which the parties reached a Rule 69 agreement to share equal parenting time and for Father to have sole legal decision-making authority. And so, the court entered a stipulated order ("November 2017 Stipulated Order").

**Mother's 2018 Petition Dismissed**

¶7 Thirteen months later, in December 2018, Mother again petitioned for joint legal decision-making authority, arguing that Father was not making decisions in one of the children's best interests. As the substantial and continuing change in circumstances, Mother pointed to "the termination of her substance abuse monitoring and her belief that the parties will now be able to make decisions jointly."

¶8 The superior court dismissed Mother's petition on the pleadings because Mother had not shown adequate cause. *See* A.R.S. § 25-411(L) (court shall deny a motion to modify legal decision-making or parenting time "unless it finds that adequate cause for hearing the motion is established by the pleadings"). The court "acknowledge[d] that Mother's substance abuse monitoring has terminated," but rejected "her claim that the parties are now able to make joint decisions." Any notion of cooperation, according to the court, was "wholly undermined" by the record and the aggressive litigation tactics of both parents, which included "multiple Petitions for Contempt against each other." Mother did not appeal that order.

**October 2021 Order**

**¶9**      In October 2019, Mother again petitioned to modify legal decision-making. The court held an evidentiary hearing and denied Mother's petition in October 2021 ("October 2021 Order"). The court found the parents still could not make decisions together, and the circumstances had not changed enough to warrant modification. The court granted Father's request for attorney fees because Mother was acting unreasonably and the parties had similar incomes.

**¶10**      Mother timely appealed the October 2021 Order. We have jurisdiction. *See* Ariz. Const. art. 6, § 9 and A.R.S. §§ 12-120.21(A)(1).

## DISCUSSION

**¶11**      Mother challenges the superior court's denial of her October 2019 petition to modify and award of attorney fees to Father.

*Petition to Modify*

**¶12**      We review the superior court's ruling on a petition to modify for an abuse of discretion, which results when the record is "devoid of competent evidence to support the decision," or when the court commits an error of law in reaching a discretionary conclusion. *Smith v. Smith*, 253 Ariz. 43, 45, ¶ 9 (App. 2022). We will not reweigh the evidence, but instead defer to the superior court's "determinations of witness credibility and the weight given to conflicting evidence." *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019).

**¶13**      Arizona courts conduct a two-part inquiry when resolving petitions to modify legal decision-making. The court first determines whether the evidence reflects a substantial and continuing change in circumstances that materially affects the children's welfare—as measured from the most recent decree. *Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶¶ 14, 18 (App. 2020). This prong is rooted in principles of res judicata. *See Ward v. Ward*, 88 Ariz. 130, 134-35 (1960) ("The change of circumstances rule as a limitation on modification of a divorce decree is one aspect of the principle of res judicata."). A change in circumstances is material when it alters the child's environment so the last decree no longer responds to and fits the current circumstances. *Backstrand*, 250 Ariz. at 344, ¶¶ 17-18; *see also Burk v. Burk*, 68 Ariz. 305, 308 (1949) (the moving party has the burden to satisfy the court that conditions and circumstances have changed to justify the modification).

**¶14** If the court finds a material change in circumstances, it must then determine whether the proposed modification is in the children's best interests. *Backstrand*, 250 Ariz. at 345, ¶ 25. Arizona law presumes that a child's best interest warrants "substantial, frequent, meaningful and continuing parenting time with both parents." *See* A.R.S. § 25-103(B).

**¶15** Mother argues the superior court erred when it found no material change of circumstances because the parties had cooperated on major decisions for one child who experienced a rapid decline in mental health, and because Mother completed substance abuse treatment as directed in the July 2016 Order. Together, she contends, this evidence represented a material change of circumstances.

**¶16** The superior court did not abuse its discretion. First, although the parents cooperated to place the child in a behavioral health program, cooperation had remained a problem between them. They argued about medical treatments, choice of high school and extracurricular activities. Second, the record shows that Father had pursued and acted in the children's best interests.

**¶17** Mother also argues the court erred because she had satisfied the requirements of the June 2016 Order. But she satisfied those conditions before she petitioned to modify in November 2017. And because Mother sought to modify the November 2017 Stipulated Order when she last petitioned, the superior court was required to compare the circumstances in November 2017 against the circumstances in October 2021. *See Backstrand*, 250 Ariz. at 344, ¶ 18 ("Whether imposed by the court or agreed to by the parties, the parenting provisions of a decree or other order represent a snapshot of the child's best interests when they are entered. In turn, this snapshot forms the baseline from which future courts assess whether a material change of circumstances has occurred."). We affirm.

*Attorney Fees*

**¶18** Mother contests the superior court's award of attorney fees to Father. The court may award attorney fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). We review an attorney fee award for an abuse of discretion. *Democratic Party of Pima Cnty. v. Ford*, 228 Ariz. 545, 547, ¶ 6 (App. 2012).

**¶19** The superior court did not abuse its discretion. The record includes reasonable evidence to support the court's findings that Mother had similar financial resources as Father and had acted unreasonably in the

litigation by continuing to pursue modification without a material change in circumstances.

## CONCLUSION

**¶20** We affirm the superior court's denial of Mother's petition to modify. Both parties seek their attorney fees on appeal under A.R.S. § 25-324. We grant Father's request in the exercise of our discretion after considering the parties' resources and the reasonableness of their positions. We award Father his costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA