NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

TASNEEM DOCTOR, *Petitioner/Appellee*,

*v.*

PHILLIP POTTER, *Respondent/Appellant*.

No. 1 CA-CV 22-0062 FC
FILED 11-29-2022

Appeal from the Superior Court in Maricopa County
No. FC2020-090224
The Honorable Lisa Stelly Wahlin, Judge

**AFFIRMED IN PART; VACATED IN PART; AND REMANDED**

COUNSEL

Ortega & Ortega P.L.L.C., Phoenix
By Alane M. Ortega
*Counsel for Petitioner/Appellee*

Phillip Potter, Scottsdale
*Respondent/Appellant*

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

**F U R U Y A**, Judge:

¶1 Phillip Potter ("Father") appeals the decree dissolving his marriage to Tasneem Doctor ("Mother"). Father claims the superior court erred in allocating property between the parties and determining legal decision-making regarding the parties' minor child ("Child"). Father also alleges that his due process rights were violated when the court denied numerous pretrial motions and excluded evidence at trial. Finally, the parties agree the court erred in calculating child support. For the reasons explained below, we affirm in part, vacate in part, and remand for recalculation of child support.

## FACTS AND PROCEDURAL HISTORY

¶2 The parties married in October 2018. The marriage lasted approximately 15 months before Mother petitioned for dissolution in January 2020. The parties have one minor child in common.

¶3 Throughout their contentious dissolution, Father failed to disclose financial documents. In January 2021, the court issued an order requiring Father to disclose various financial documents, including bank statements, credit card statements, a mortgage statement, and all communications (if any existed) showing that Father had previously disclosed any of the requested documents. The court subsequently set a deadline for disclosure in March 2021. It warned Father that failure to comply with the order "w[ould] likely [result in] a monetary sanction of $50.00 per day for every day that the documents are not provided after [the deadline]."

¶4 The matter was set for trial in October 2021. Father filed several pretrial motions, including a Motion to Bifurcate the proceedings and extend the time for trial, a Motion to Compel Discovery, and a Motion to Disqualify Mother's Counsel and to Compel Document Production and Testimony Per Crime-Fraud Exception, all of which the court denied.

¶5 At trial, Father argued and attempted to present evidence regarding Mother and her family's alleged involvement in Dawoodi Bohra,

which Father calls a "cult-like religion." Father further attempted to introduce evidence of an alleged criminal investigation against Mother and some unspecified breaches of fiduciary duties.

**¶6**        Following trial, the court issued a Decree of Dissolution of Marriage which, among other things, allocated real property, financial accounts, and debts between the parties, awarded equal parenting time to the parties, gave Mother final decision-making authority, and awarded Mother child support.

**¶7**        Father timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.     Property Allocation and Legal Decision-Making.

### A. Property Allocation.

**¶8**        We review the distribution of property for an abuse of discretion but review the court's characterization of property—as either separate or community—de novo. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523 ¶ 4 (App. 2007). Real or personal property that a spouse owns before marriage (or acquired during the marriage under particular circumstances) is characterized as that spouse's separate property during dissolution. A.R.S. § 25-213(A). Property acquired by either spouse during the marriage is presumptively community property. A.R.S. § 25-211(A). In addition to assigning each spouse their sole and separate property, the court must "divide the community [property] equitably, though not necessarily in kind, without regard to marital misconduct." A.R.S. § 25-318(A). The superior court has broad discretion in apportioning community property under A.R.S. § 25-318. *Meister v. Meister*, 252 Ariz. 391, 396 ¶ 13 (App. 2021). We review the apportionment of community property between the spouses in the "light most favorable to upholding the trial court's ruling and will sustain that ruling if the evidence reasonably supports it." *Kohler v. Kohler*, 211 Ariz. 106, 107 ¶ 2 (App. 2005).

**¶9**        Father asserts the court improperly divided property between the parties. He disagrees with the court's characterization and division of several bank accounts, credit card debt, and real property purchased in 2019 ("Wisteria home").

### 1. Bank Accounts.

**¶10** Mother presented evidence that the bank accounts eventually allocated to Mother at dissolution were her sole and separate property, opened either before the marriage or with funds Mother brought into the marriage and had previously kept in her sole and separate accounts. Father's only response was to assert—without evidentiary support—that Mother "co-mingled assets across bank accounts in an incoherent and indecipherable fashion during the marriage." The Dissolution Decree assigns some accounts to each party in their entirety and divides one account equally between them. No contradictory evidence supports concluding that the court abused its discretion or otherwise erred in this division.

### 2. Debts.

**¶11** The court found that "no community debts were identified for allocation and therefore the Court shall not enter any Orders with regard to the division of community debts." The Dissolution Decree assigned each spouse sole responsibility for any credit card or debt in their name incurred after service of the Petition and found that each of the six credit cards at issue between the parties was separate debt of the spouses. Mother's evidence supported the Dissolution Decree's characterization of each credit card as separate property, and Father presented no evidence to the contrary. Our record review does not reveal any error in allocating debts between the parties.

### 3. Wisteria Home.

**¶12** Finally, Father argues the Wisteria home is community property because it was purchased during the marriage using community funds. Mother contests that the home was purchased using community funds and presented evidence supporting that proposition. Further, Father signed a disclaimer deed regarding the Wisteria home.

**¶13** A spouse may disclaim their property interest at its acquisition, rendering the property separate when it may otherwise be considered community. *See Bell-Kilbourn*, 216 Ariz. at 523 ¶ 7. A written disclaimer deed may "rebut[] the presumption that the [property] was community property as it was acquired during the parties' marriage." *See id.* at 524 ¶ 9. Absent allegations that a spouse signed a disclaimer deed because of fraud or mistake, the court will give full effect to the deed. *Id.*

¶14 Whether or not the Wisteria home was purchased using community funds, Father signed a disclaimer deed. Father argues that Mother's purpose in purchasing the property was "fraudulent," in that it was acquired to obtain more favorable financing for her parents. But the court did not find any fraudulent intent on behalf of Mother. And in any event, such intent does not relate to the validity of Father's disclaimer deed. As such, the court's finding that the Wisteria home is Mother's sole and separate property was not error.

### B. Legal Decision-Making.

¶15 We review the court's orders regarding legal decision-making for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273 ¶ 11 (App. 2013). Joint legal decision-making "means both parents share decision-making and neither parent's rights or responsibilities are superior except with respect to specified decisions as set forth by the court or the parents in the final judgment or order." A.R.S. § 25-401(2). Parents may be assigned joint legal decision-making authority even where one parent is given the "tie-breaking" authority if parents are unable to reach consensus on a given issue. *See Nicaise v. Sundaram*, 245 Ariz. 566, 568–69 ¶¶ 13–14 (2019) ("Awarding joint legal decision-making authority with final decision-making authority over certain matters to one parent under subsection (2) creates shared legal decision-making with the possibility that one parent will exercise a superior right if the parents cannot reach a joint agreement in good faith.").

¶16 Courts allocate legal decision-making in accordance with the best interests of the child, as determined by an analysis of the A.R.S. § 25-403(A) factors and must further "make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B). We will not disturb the court's determination of the best interests of the child absent an abuse of discretion. *Ward v. Ward*, 91 Ariz. 296, 297 (1962).

¶17 The court awarded Mother and Father joint legal decision-making authority over Child and ordered that "if they cannot agree after making a good faith effort to reach an agreement, [Mother] shall have the ability to make the final decision." The court made factual findings as to the A.R.S. § 25-403(A) factors, concluding based upon those factual findings that "it is in the child's best interest that [Mother] and [Father] be awarded joint decision-making authority."

¶18    Although Father asserts the court's allocation of final decision-making authority to Mother is "unlawful, runs contrary to the facts, and is not in the best interests of the child," he does not contest any of the court's factual findings. Because the decree contains sufficient factual findings as to Child's best interests in accordance with A.R.S. § 25-403(A)–(B), and the evidence in this record supports those findings, we conclude the court did not abuse its discretion in awarding Mother final decision-making authority.

## II.    Due Process.

¶19    Father argues his due process rights were violated when the court denied his pretrial motions and excluded evidence he attempted to present at trial. We review alleged due process violations de novo, *Jeff D. v. Dep't of Child Safety*, 239 Ariz. 205, 207 ¶ 6 (App. 2016), but Father must show prejudice sufficient to establish reversible error based on the record. *Roberto F. v. Ariz. Dep't of Econ. Sec.*, 232 Ariz. 45, 50 ¶ 18 (App. 2013). Due process requires an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

### A.  Motion for Longer Trial and Bifurcation.

¶20    Father contends the court's denial of his motion to extend the trial beyond three hours and bifurcate the proceedings violated due process. We review the imposition of time limits on trial for an abuse of discretion. *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 91 ¶ 30 (App. 1998). The superior court may impose reasonable limits on the time allotted for trial in family court proceedings. *See* Ariz. R. Fam. Law P. 22(a). Although rigid time limits are disfavored, courts may reasonably limit trial time "to avoid undue delay, waste of time or needless presentation of cumulative evidence." *Brown*, 194 Ariz. at 91 ¶ 29. In addition to showing an abuse of discretion, an appellant must also show they suffered some harm as a result of the time limits imposed. *Id.* at 91 ¶ 30. We also review the denial of a motion to bifurcate trial for an abuse of discretion. *Romero v. Sw. Ambulance*, 211 Ariz. 200, 203 ¶ 5 (App. 2005).

¶21    Father reasons that "[g]iven the complexity of the case and the nature of the issues involved, it is difficult to ascertain how three hours of testimony was sufficient." He further argues the court should have "bifurcate[d] the proceedings regarding property until the criminal investigations and other civil matters can progress." But the court determined that these alleged external proceedings were not relevant to the parties' dissolution, and Father failed to offer any further explanation for

how the court's imposition of reasonable time limits amounted to an abuse of discretion. On the contrary, the record indicates that Father was able to testify and cross-examine all witnesses and present his arguments to the court. Thus, we do not find an abuse of discretion in denying Father's motion.

### B. Motion for Rule 82 Separate Findings of Fact and Conclusions of Law.

**¶22**        Father asserts his due process rights were violated when the court failed to provide separate findings of fact and conclusions of law under Arizona Rule of Family Law Procedure ("Rule") 82. If a party so requests before trial, "the court must make separate findings of fact and conclusions of law." Ariz. R. Fam. Law P. 82(a)(1). The court's conclusions may appear in the court's dissolution decree. *See id.* Where a party makes a proper request under Rule 82(a), but the court's findings are insufficient, we will not provide additional inferences necessary to affirm the trial court's decision. *Stein v. Stein*, 238 Ariz. 548, 551 ¶¶ 10–11 (App. 2015). "An appellate court must be able to discern more than a *permissible* interpretation of the trial court's analysis." *Id.* quoting *Miller v. Bd. of Supervisors*, 175 Ariz. 296, 299 (1993).

**¶23**        Here, we conclude that although the Dissolution Decree falls short of providing separate findings of fact on some issues, Father failed to offer any argument, citation, or further develop his assertion on appeal to support his position. Importantly, Father does not explain how the lack of findings prejudiced him in any way, a necessary prerequisite to establishing a due process violation. *See Roberto F.*, 232 Ariz. at 50 ¶ 18. Therefore, Father has waived this issue. *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234 ¶ 14 n.6 (App. 2011) (recognizing failure to develop an argument on appeal usually results in abandonment and waiver of the issue).

### C. Motion to Compel Discovery.

**¶24**        Father argues his due process rights were violated when the court denied his pretrial motion to compel discovery under Rule 49. We review the court's ruling on a motion to compel discovery for an abuse of discretion. *See Romley v. Schneider*, 202 Ariz. 362, 363 ¶ 5 (App. 2002). On appeal, Father does not expand on the bare assertion that his due process rights were violated by the denial of his motion and again fails to explain how he was prejudiced. Therefore, he has waived the issue, and we lack any reason to conclude that the court abused its discretion in denying his motion to compel. *Christina G.*, 227 Ariz. at 234 ¶ 14 n.6.

### D. Exclusion of Evidence and Relevance Determinations.

**¶25**        Finally, Father argues the court prevented him from "enter[ing] into the record evidence of [Mother]'s fraud, waste, and concealment of assets and breaches of fiduciary duty," and prevented him from cross-examining Mother on these issues. Father does not articulate exactly what specific evidence was wrongfully excluded. The record reflects that he attempted to enter a Zillow listing for a property owned by Maternal Grandfather, which the court excluded as lacking any relevance. He was also prevented from testifying regarding an alleged criminal investigation involving Mother, which the court again found irrelevant.

**¶26**        Relevancy is a prerequisite to admissibility. Ariz. R. Evid. 402. No litigant has a right to present irrelevant evidence, and the preclusion of irrelevant evidence does not offend due process. *Cf. State v. Paxson*, 203 Ariz. 38, 41 ¶ 13 (App. 2002) (observing constitutional guarantee to criminal defendants to present a defense does not extend to presenting irrelevant evidence). Evidence is considered relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Ariz. R. Evid. 401(a)–(b). Trial courts have considerable discretion in determining whether evidence is relevant and admissible. *State v. Smith*, 136 Ariz. 273, 276 (1983). "We will affirm the trial court's rulings on the exclusion or admission of evidence absent an abuse of discretion." *Brown*, 194 Ariz. at 88 ¶ 7.

**¶27**        Once again, Father fails to explain how the court abused its discretion or why any of the proffered evidence should have been found relevant. He merely asserts that these exclusions "den[ied] him the right to be heard in a meaningful fashion" in violation of his due process rights. We find again that this deficiency is a waiver of the challenge, *Christina G.*, 227 Ariz. at 234 ¶ 14 n.6, and no abuse of discretion by the trial court is evident.

### III.    Alleged Criminal Investigation, Fraud, and Crime-Fraud Exception.

**¶28**        As noted, Father attempted to present evidence regarding Mother's alleged involvement in a criminal investigation, claims her attorney must be disqualified from the proceedings under Arizona's crime-fraud exception to the attorney-client privilege, and alleges Mother made misrepresentations constituting fraud on the court and warranting entry of default judgment in his favor. On these issues, the court either determined that Father's proffered evidence was irrelevant or heard the evidence and assigned it no weight.

### A.  Alleged Criminal Investigation Against Mother.

¶29        At trial, Father attempted to testify regarding an alleged criminal investigation against Mother. The trial judge precluded the testimony as irrelevant, stating: "I read a lot of the stuff in this file, and I realize this is an allegation. Until or unless there's—someone's formally charged and/or convicted, I don't see how that's relevant to this matter."

¶30        Again, Father had no right to present irrelevant evidence, and the court's preclusion of such was not an abuse of discretion. *Brown*, 194 Ariz. at 88 ¶ 7. And to the extent Father could present evidence regarding the alleged criminal investigation against Mother, there is no indication that the court did not consider Father's evidence and argument. That these allegations were excluded from the court's Dissolution Decree demonstrates that upon evaluating the record, the court assigned no weight to Father's contentions. Further, we will not re-weigh that evidence on appeal, *see Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284 ¶ 20 (App. 2019), and absent a clear abuse of discretion, we will not disturb the trial court's factual determinations. *See In re Est. of Jung*, 210 Ariz. 202, 204 ¶ 11 (App. 2005).

### B.  Fraud Allegations.

¶31        Father presented evidence at trial purporting to show that Mother and her family are "members of the Dawoodi Bohra," which Father characterizes as a religious faction that abuses children. According to Father, Mother's repeated assertions that she and her family are not involved in Dawoodi Bohra constituted misrepresentations to the court and should preclude a judgment in her favor. To support this contention, Father points to Maternal Grandfather's trial testimony when he acknowledged he was raised in a Dawoodi Bohra community.

¶32        Father's arguments are unavailing. Mother testified at trial that she is not involved with Dawoodi Bohra in any way. The record does not show that the court failed to consider either side's competing testimony or argument on this issue. Because we will not re-weigh evidence evaluated by the trial court, *see Lehn*, 246 Ariz. at 284 ¶ 20, we conclude that Father's contention lacks merit.

### C.  Crime-Fraud Exception.

¶33        The crime-fraud exception to the attorney-client privilege provides that the privilege will not apply where "there is a prima facie showing that a communication with an attorney was used to perpetuate a crime or fraud." *Kline v. Kline*, 221 Ariz. 564, 573 ¶ 34 (App. 2009) (internal

citations omitted). We review a trial court's determination whether a prima facie case has been established for an abuse of discretion. *Id.* at 573 ¶ 35. "[A] party attempting to set [] aside [the attorney-client privilege] must demonstrate a factual basis adequate to support a good faith belief by a reasonable person that in camera review of the materials may reveal evidence to establish . . . that the crime-fraud exception applies." *Clements v. Bernini in and for Cnty. of Pima*, 249 Ariz. 434, 438 ¶ 1 (2020) (quoting *U.S. v. Zolin*, 491 U.S. 554, 572 (1989) (cleaned up).

**¶34** Father asserts Mother's counsel's request that Father produce information relating to his alleged complaint to the Federal Bureau of Investigation regarding Mother constitutes obstruction of a criminal investigation in violation of A.R.S. § 13-2409 and establishes a prima facie showing that Mother obtained counsel's services in furtherance of ongoing crimes. Father failed to establish a prima facie showing that Mother retained counsel to further ongoing criminal activity. *Kline*, 221 Ariz. at 573 ¶ 34. As recounted, the court did not find the mere allegations by Father regarding the purported investigation against Mother relevant because she had not been charged or convicted of any crime. And to the extent Father's objections are directed at Mother's discovery efforts to determine the extent of Father's contentions regarding that investigation, those objections are not well-taken. Father cannot inject controversy of his own creation into the case, withhold providing evidence to substantiate it, and then leverage it to manufacture the required prima facie showing. Further, because the record does not show that the court failed to weigh the evidence contained in Father's Motion, his argument here equates to a request that we find his evidence superior to Mother's. But we do not re-weigh evidence, *see Lehn*, 246 Ariz. at 284 ¶ 20, and Father's argument is without merit.

## IV. Sanctions and Attorneys' Fees.

**¶35** We review the court's award of sanctions for discovery violations and its award of attorney's fees for abuse of discretion. *Seidman v. Seidman*, 222 Ariz. 408, 411 ¶ 18 (App. 2009) (sanctions); *In re Marriage of Pownall*, 197 Ariz. 577, 583 ¶ 26 (App. 2000) (attorneys' fees).

### A. Sanctions.

**¶36** The Dissolution Decree explains that "Father failed to disclose the documents reflected in the Court's January 5, 2021 Order by the March 18, 2021 deadline. Indeed, Father [] never disclosed the documents." The Court's March 11, 2021 Order provided Father notice that "failure to disclose the documents could result in a monetary sanction of $50.00 per

day for every day the documents were not provided after March 18, 2021." The court assessed the forewarned sanction of $50.00 per day from March 19, 2021 to October 25, 2021 (the day before trial), per the March 11 Order. Because the court warned Father of the sanction for failure to produce the financial documents and Father failed to heed the warning and produce those documents, we perceive no basis to conclude that the court abused its discretion in imposing the $50.00 per day sanctions on Father.

### B. Attorneys' Fees.

¶37        The record shows father failed to respond to Mother's application for attorneys' fees. He now contests the court's decision to grant that application on appeal. Because his objection is new on appeal, it is waived. *See Pownall*, 197 Ariz. at 583 ¶ 27.

## V.        Child Support.

¶38        Finally, the parties agree that the court misapplied the Child Support Guidelines, although they request different relief. Father argues that "[p]roper application of the Guidelines shows [Mother] owes [Father] $359.00 per month," while the Dissolution Decree requires Father to pay $516 per month to Mother. Mother agrees that the court failed to provide Father with credit for the equal division of parenting time allocated between the parties, that it appears the court mistakenly assigned credit for two non-marital children to Father, and that child support should be recalculated as a result. Therefore, we vacate that portion of the Decree regarding the calculation of child support and remand on this issue for the court to re-determine child support under the Guidelines with appropriate credit for parenting days and number of children allocated to each party.

### CONCLUSION

¶39        We affirm in part, vacate the court's child support award, and remand to recalculate child support consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:    AA