417 P.2d 717

**Richard E. HOFFMAN, Appellant,**

v.

**Ruthann Fair HOFFMAN, Appellee.**

**1 CA–CIV 204.**

Court of Appeals of Arizona.

Sept. 2, 1966.

Preston & Flournoy, by William R. Preston, Flagstaff, for appellant.

Grace & Egan, by William M. Egan, Flagstaff, for appellee.

CAMERON, Judge.

This is an appeal from a judgment modifying a previous divorce decree as to the custody and support of the parties' minor children.

We are called upon to determine whether or not there was a sufficient change in circumstances to warrant the court granting a change in custody.

The facts necessary for a determination of this matter on appeal are as follows: The appellee-wife filed a complaint for divorce 3 March, 1964. In the complaint she alleged that she was a fit and proper person to have the custody of the two youngest children, ages 1 year and 2 years, and that the appellant-husband was a fit and proper person to have the care, custody and control of the two older children (both girls) ages 6 and 7. The husband filed an answer and waiver of notice the same day. On 6 April, 1964, a judgment of divorce was granted, granting the care and custody of the two older children to the husband, and the care and custody of the two younger children to the wife, both subject to rights of reasonable visitation, and ordering the husband to pay to the wife the sum of $50.00 per month as and for the support of the two children awarded to the wife. Both the husband and the wife remarried shortly after the decree of divorce. A son was born the issue of the wife and her second husband.

In December of 1964, the husband and his second wife separated and a divorce was pending at the time of the hearing on the modification of the decree. The husband had sought, prior to that separation, psychiatric help from a doctor in Spokane, Washington. The two older children had been sent to the husband's parents in Montana where they were staying and attending school at the time of the hearing. At the time of the divorce, the husband lived in Page, Arizona. At the time of the hearing he was living at Lee's Ferry, Arizona, where he had been transferred by his employer, the National Park Service.

Hearing on the wife's petition to modify judgment was held 3 May, 1965, at which hearing both the husband and wife testified. The court amended the decree of divorce respecting the custody to provide that the wife would have the custody and control of the minor children during the summer months of each year and that the husband would retain the custody and control of the two older children during the remaining months, or during the school year. The court further provided that visitation rights of both parties should be full and complete and that the husband should pay an additional sum of $75.00 per month to the wife during the time that the said two minor children should be in the custody of the wife. From this judgment the husband appeals.

■ We have recently stated:

"The one who seeks to modify a decree has the burden of proof. Andro v. Andro, 97 Ariz. 302, 400 P.2d 105 (1965). The petitioner must show changed circumstances effecting the welfare of the child. Ward v. Ward, 88 Ariz. 130, 353 P.2d 895 (1960), modified as to other matters on rehearing, 88 Ariz. 285, 356 P.2d 30 (1960), Galbraith v. Galbraith, 88 Ariz. 358, 356 P.2d 1023 (1960), Smith v. Smith, 90 Ariz. 190, 367 P.2d 230 (1961). Upon a showing being made, the trial court exercises its sound judicial discretion.

*Ward.* The order which it is sought to change is final upon the facts which were before the court at the time of the entry of the order. *Ward.* The primary consideration is the welfare of the child. *Ward; Galbraith.* The Court will look to the best interests of the child and not to the gratification of the parents. *Galbraith.* The interests of the parents are worthy of consideration. *Ward.* * * * The determination of the trial judge must be supported by the evidence and if it is so supported, it will not be set aside and it is the absence of such support, which constitutes an abuse of discretion. *Ward; Galbraith.* The trial judge is in the best position to determine the issues. *Galbraith; Smith; Andro.*" Bailey v. Bailey, 3 Ariz.App. 138, 412 P.2d 480, 483 (1966).

The testimony of both parties below indicates, that at the time of the divorce, it was contemplated that the husband would remarry. Under these circumstances the two older children, girls ages 6 and 7, although awarded to the custody of the husband, would have the benefit of the care and attention of a woman in the household. Also, at that time, the husband lived in the same community (Page, Arizona) as the wife. The wife was able to see the children on occasion and as the testimony would indicate, to provide some attention and care when needed. The fact that the husband is now divorced, that it was necessary that the children be taken to Montana where the husband's parents took care of the two children, that he has moved his abode by reason of his job from the town of Page to Lee's Ferry, these we feel are a sufficient sum total of changes of circumstances affecting the welfare of the children from which the trial court derived the authority to change the previous custody decree affecting these two children.

█ There being a change of circumstances sufficient to warrant a change of custody, this Court will not attempt to substitute its judgment for that of the Superior Court as to such changes, absent an abuse of discretion. After a review of the evidence, we find no breach of discretion by the trial court; either in the matter as to custody or to child support payments.

It is noted that in the instant case, the appellee failed to file an answering brief. The rules of the Supreme Court state:

"If the appellee does not file an answering brief within the time prescribed by these rules or within such additional time as allowed by the court * * * the appeal may be submitted for decision on the motion of appellant upon notice to appellee, or on the court's own motion." Rule 7(a) [2], Rules of the Supreme Court, 17 A.R.S.

█ Our Supreme Court has stated that where there are debatable issues and the appellee fails to file an answering brief, that such failure is a confession of error on the part of the appellee of reversible error. Siemers v. Randall, 94 Ariz. 302, 383 P.2d 753 (1963), Barrett v. Hiney, 94 Ariz. 133, 382 P.2d 240 (1963). Gallatin et al. v. State of Arizona ex rel. Herman, 3 Ariz. App. 44, 417 P.2d 557, filed 2 August, 1966. We do not read Rule 7(a) [2], Rules of the Supreme Court as making it mandatory that we reverse when the appellee fails to file a brief. This is particularly so when as here, the persons most interested in the proceedings (the two minor girls) are not individually represented in the action. We do not know why the mother failed to file an answering brief, be it neglect, financial inability or otherwise, but to reverse the decision of the trial court concerning the custody and well being of two minor children because their mother failed or was unable to file an answering brief would not, we believe, serve the ends of justice and we do not believe that Rule 7(a) [2], Rules of the Supreme Court, 17 A.R.S., or the decisions of the Arizona Supreme Court require that we do so.

Judgment affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.