NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SCOTT BACKUS, *Plaintiff/Appellant,*

*v.*

ANGELA ELLISON, *Defendant/Appellee.*

No. 1 CA-CV 15-0019
FILED 1-5-2016

Appeal from the Superior Court in Yavapai County
No. V1300CV201480372
The Honorable David L. Mackey, Judge

**VACATED AND REMANDED**

APPEARANCES

Scott Backus, Camp Verde
*Plaintiff/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge John C. Gemmill joined.

**J O H N S E N**, Judge:

¶1          Scott Backus appeals the superior court's denial of his application to change the name of his minor daughter ("Daughter"). For the reasons that follow, we vacate the order denying the application and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Pursuant to Arizona Revised Statutes ("A.R.S.") section 12-601 (2015), Backus applied to change Daughter's last name to "Backus."[1] Backus's application named Daughter's mother as a party to the judicial proceeding, but it does not appear from the record that he served her with the application. The superior court denied Backus's application without receiving a response and without taking evidence; the court also denied his subsequent motion for reconsideration. Backus timely appealed; we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) (2015) and -2101(A) (2015).

## DISCUSSION

¶3          Section 12-601(B) allows a parent to apply to change the name of a minor child and requires the court ruling on such application to "consider the best interests of the minor[.]" A.R.S. § 12-601(B). The statute requires that the application state whether the parent seeking the change has been convicted of a felony and whether any felony charges are pending against the parent for theft, forgery, credit-card fraud, business-fraud, racketeering or perjury. A.R.S. § 12-601(C)(1)-(2). We will uphold a superior court order on an application for a name change if it is supported by reasonable evidence. *See Pizziconi v. Yarbrough*, 177 Ariz. 422, 426 (App. 1993).

¶4          Backus argues the superior court violated his due process and equal protection rights by denying him a fair opportunity to be heard on his request to change Daughter's name. We review *de novo* an alleged constitutional violation. *State v. McGill*, 213 Ariz. 147, 157-58, ¶ 45 (2006).

¶5          Backus's interest in having his child share his name is not a property interest entitled to constitutional protection. *See Laks v. Laks*, 25 Ariz. App. 58, 60 (1975). Accordingly, Backus has not shown that he has an

---

[1]          Absent material revision after the relevant date, we cite a statute's current version.

interest entitled to due process protections. *See Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994) ("A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution.").

**¶6**          Additionally, Backus has not established an equal protection violation. We infer Backus's argument to be that he has been treated differently from other fathers who have filed successful name-change applications for their children under § 12-601(B). This argument fails, however, because, among other things, Backus has not shown how the alleged disparate treatment limited his fundamental rights, implicated a suspect classification, or is not rationally related to a legitimate governmental interest. *See Curtis v. Richardson*, 212 Ariz. 308, 313, ¶ 18 (App. 2006) ("To establish an equal protection violation, a party must establish (1) that it was treated differently than those who are similarly situated, and (2) when disparate treatment does not implicate fundamental rights or suspect classification, that the classification bears no rational relation to a legitimate state interest").

**¶7**          Nevertheless, Backus correctly asserts that the superior court provided no reason for denying his application. While the court could have denied the application for a number of valid reasons — for example, it could have found that Daughter's mother was an indispensable party and had not been served or that the unverified application was insufficient to support a finding that a name change was in Daughter's best interests — the court provided no explanation for its denial. Because we do not know the reason for the court's ruling, we are unable to determine whether the order is legally correct.

## CONCLUSION

**¶8** For the foregoing reasons, we vacate the superior court's order denying the application for name change and remand for such additional proceedings as the court determines are required.[2]



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama

---

[2] As noted, the record does not disclose that Backus served Daughter's mother with the application for a name change. It does appear, however, that he mailed the mother a copy of his opening brief. Assuming for purposes of argument that the mother is a party to this appeal, we do not treat her failure to file an answering brief as a confession of error because, *inter alia*, Daughter's best interests are at issue. *See Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966).