NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

OLIVER JORGENSON, *Petitioner/Appellee*,

*v.*

DEBORAH GIANNECCHINI, *Respondent/Appellant*.

No. 1 CA-CV 20-0009 FC
1 CA-CV 20-0208 FC
(Consolidated)
FILED 5-6-2021

Appeal from the Superior Court in Maricopa County
No.  FC2017-050317
The Honorable Adam D. Driggs, Judge

**VACATED AND REMANDED**

COUNSEL

Focused Appeals PLLC, Mesa
By Austin Martineau
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

_____

**B A I L E Y**, Judge:

¶1 Appellant Deborah Giannecchini ("Mother") challenges the superior court's order reducing her parenting time and requiring her to undergo long-term psychotherapy as a condition of exercising parenting time. For the reasons stated below, we vacate the rulings and remand the matter to the superior court to redetermine parenting time.

## FACTS AND PROCEDURAL HISTORY

¶2 Mother's marriage to Appellee Oliver Jorgenson ("Father") was dissolved in 2014. The parties have one minor child. The superior court entered a consent decree of dissolution granting joint legal decision-making authority, designating Mother as the primary residential parent and granting Father an alternating schedule of 48 hours of parenting time one weekend and six hours the following weekend.

¶3 Father filed multiple petitions over the next few years to modify legal decision-making authority and parenting time. At issue here is the court's ruling on a petition Father filed in January 2018 to be designated primary residential parent and be awarded sole legal decision-making authority.

¶4 At a hearing, the court took testimony from Mother, Father, a court-appointed advisor, and a psychologist who had evaluated Mother and concluded she demonstrated patterns of Antisocial Personality Disorder and Narcissistic Personality Disorder. The court denied Father's request for sole legal decision-making but extended his weekend parenting time. It also ruled that Mother could continue to be the primary residential parent, but ruled she could have parenting time only for so long as she participates in psychotherapy that includes Dialectical Behavioral Therapy ("DBT").

¶5 At the hearing, Mother argued she already had completed the DBT therapy the psychologist recommended. Based on the psychologist's testimony, however, the court found it "highly unlikely" that Mother "would be cured in only 3 months of DBT therapy." The court found

2

Mother's "failure to regularly and consistently participate in appropriate mental health treatment is contrary to the best interests of the parties' minor child." The court ruled:

> THE COURT FURTHER FINDS that based on the Court's findings made above, and contingent on Mother participating in long-term psychotherapy, that it is in the child's best interest to exercise substantial frequent, meaningful and continuing parenting time with both parents.

¶6        The court further specified detailed procedures for selecting both the mental-health provider with whom Mother should treat and a second professional who would evaluate her need for medication to address her anxiety. The court ruled that if the parties could not agree on either professional, it would make the appointment from a list they provided. The court also set a status conference six months out to "determine whether Mother is complying with the Court's orders," and awarded Father attorneys' fees under Arizona Revised Statutes ("A.R.S.") § 25-324(A).

¶7        We have jurisdiction over Mother's timely appeal pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

I.        **The Court Exceeded Its Statutory Authority in Ordering Mother to Participate in Long-Term Psychotherapy as a Condition of Exercising Parenting Time.**

¶8        Mother contends the court exceeded its authority by conditioning her parenting time on participation in long-term psychotherapy.[1] Arizona Rule of Family Law Procedure 95(b) authorizes the superior court to "order parties to engage in behavioral or mental health

---

[1] Father did not file an answering brief. While we could treat this as a confession of reversible error, we choose to address the merits because Mother's appeal involves the minor child's best interests. *In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2 (App. 2002); *see also Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966) ("[T]o reverse the decision of the trial court concerning the custody and well being of two minor children because their mother failed or was unable to file an answering brief would not, we believe, serve the ends of justice . . . .").

services, including counseling and therapeutic interventions." Ariz. R. Fam. Law P. 95(b). But procedural rules "cannot enlarge the court's authority beyond that granted by statute." *Paul E. v. Courtney F.*, 246 Ariz. 388, 398, ¶ 40 (2019) (citing *In re Marriage of Waldren*, 217 Ariz. 173, 177, ¶¶ 20-21 (2007)). As such, "[e]very power that the superior court exercises in a dissolution proceeding must find its source in the supporting statutory framework." *Fenn v. Fenn*, 174 Ariz. 84, 87 (App. 1993). We review issues regarding the application and interpretation of court rules *de novo*. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012).

¶9            Under A.R.S. § 25-405(B), the court "may seek the advice of professional personnel" in determining legal decision-making authority and parenting time. The court did so in this case, and both a court-appointed advisor and the psychologist who evaluated Mother testified not only that long-term therapy could benefit her but that she may need supervision to ensure she progresses in such treatment. However, § 25-405(B) does not authorize the court to order a parent to undergo treatment, including treatment with a specific provider, as a condition of parenting time. *Cf. Paul E.*, 246 Ariz. at 397, ¶ 38 (stating that § 25-405(B) "nowhere authorizes the court to order treatment for a child"); *id.* at 397, ¶ 37 ("[Section] 25-405(B) applies only when an issue regarding legal decision-making authority or parenting time is pending before the court.").

¶10            In short, having decided the legal decision-making and parenting time issues before it, the court had no statutory power to order Mother to participate in long-term psychotherapy going forward.[2] Because that order was the premise of the court's ruling concerning parenting time, we vacate the parenting-time ruling and all subsequent orders concerning Mother's psychotherapy. On remand, the superior court shall hold a hearing and determine parenting time based on the circumstances now present.

¶11            Because we are vacating the parenting-time ruling, we also vacate the attorneys' fees award.

---

[2] While nothing prohibits the superior court from setting "review hearings" after it issues a final order, A.R.S. § 25-411 precludes the court from modifying a legal decision-making or parenting time order unless a party has moved to modify or enforce the current order.

II.     **Attorneys' Fees on Appeal**

**¶12**     Mother requests her attorneys' fees and costs incurred in this appeal under A.R.S. § 25-324(A).   Having considered the financial information in the record and Mother's positions on appeal, we decline her request for fees.   As the prevailing party, however, she is entitled to her costs of appeal contingent upon her compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶13**     We vacate and remand the superior court's parenting-time order, its order requiring Mother to undergo long-term psychotherapy, and its attorneys' fees order.



AMY M. WOOD • Clerk of the Court
FILED:     AA