NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MEAGAN R. STONEY, *Petitioner/Appellant*,

*v.*

TYLER K. STONEY, *Respondent/Appellee*.

No. 1 CA-CV 23-0130 FC
FILED 3-7-2024

Appeal from the Superior Court in Maricopa County
No. FC2015-055051
The Honorable Theodore Campagnolo, Judge, *Retired*

**AFFIRMED IN PART AND VACATED IN PART**

COUNSEL

Meagan Stoney, New River
*Petitioner/Appellant*

Tyler Stoney, Tarzaba
*Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge David D. Weinzweig joined.

_____

**J A C O B S**, Judge:

¶1   Meagan Stoney ("Mother") appeals the superior court's:  (1) denial of her petition requesting sole legal decision-making authority and sole custody of her daughter, S.S.; (2) order requiring her to attend individual counseling; (3) award of attorneys' fees to Tyler Stoney ("Father"); and (4) order that she pay half of the expense of child counseling.  We reverse the order requiring individual counseling, but affirm the balance of the court's order as within its discretion.

## FACTS AND PROCEDURAL HISTORY

¶2   Mother and Father divorced in 2016.  They have one biological son, T.S., and a daughter, S.S., who is Mother's biological daughter.  Their divorce proceeding established that Father is the legal but not biological parent of S.S.  The divorce resulted in Mother and Father having joint legal decision-making authority as to both children, with neither having final legal decision-making authority.  In the decree, the court found there was no history of domestic violence or child abuse.

¶3   In 2017, Mother filed a petition seeking sole legal decision-making authority over both children, requesting supervision of Father's parenting time with T.S., and proposing to eliminate Father's parenting time with S.S.  Mother's grounds were Father's alleged threats against her and his alleged emotional and verbal abuse of Mother and the children.  In April 2020, the court issued a final order denying all of the relief Mother requested in her 2017 petition.

¶4   After a 2021 incident in which Father grabbed T.S.'s leg to discipline him, Mother and T.S. obtained an order of protection against Father.  In January 2022, citing that incident, Mother filed a petition seeking full legal custody of the children.  In March 2022, the court held a temporary orders hearing reaffirming the parents' joint legal decision-making authority but awarding Mother final legal decision-making authority.  The

2

court also designated her as the children's primary residential parent, and ordered Father's parenting time with S.S. to be supervised.

**¶5**        In its November 2022 final order on Mother's petition, the court reaffirmed the temporary orders regarding legal decision-making authority, finding them consistent with the children's best interests under A.R.S. §§ 25-403(A) and 25-103(B).  The court limited Father's parenting time with both children to bi-monthly and supervised weekend visits.  The court awarded Father attorneys' fees based on the unreasonableness of Mother's attempt to relitigate Father's legal paternity of S.S. and refusing Father's settlement offer to make the temporary orders permanent.  The court also ordered both parents to participate in individual counseling, ordering Mother to participate in counseling at her expense concerning "the parents' difficulty in communicating, Mother's past alienation of the children, Mother['s] subconscious or more subtle alienation of the children, Mother's inability to accept that Father is the legal father of [S.S.], and other issues that may be raised during the counseling."  Lastly, the court ordered the parties to split the cost of the children's counseling costs equally.

**¶6**        Mother timely appealed.  We have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1), and Article 6, Section 9 of the Arizona Constitution.

## DISCUSSION

**¶7**        Mother appeals four issues arising from the November 2022 order.  First, she appeals the court's order that Father retain joint legal decision-making authority and some parenting time.  Second, she appeals the court's order that she attend individual counseling.  Third, she appeals the court's award of attorneys' fees to Father.  Fourth, Mother appeals the court's order that she pay half of the expense of the children's counseling.  Father filed no answering brief.  We could treat that as a concession of error, but elect not to because doing so would impact our review of the best interests of the children.  *See Hays v. Gama*, 205 Ariz. 99, 102-04 ¶¶ 18-23 (2003) (reversing contempt sanctions against mother that impacted best-interests determination); *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (App. 1966) (declining to apply court rule making mother's refusal to file answering brief a default where doing so impacted best-interests determination).

**I.** **The Court Did Not Abuse Its Discretion By Ordering Joint Legal Decision-Making Authority and Allowing Father Some Parenting Time.**

**¶8**   We review the superior court's legal decision-making and parenting time orders for abuse of discretion. *Engstrom v. McCarthy*, 243 Ariz. 469, 471 ¶ 4 (App. 2018). We accept the court's findings of fact absent clear error. *Id.* An abuse of discretion occurs when a court commits an error of law, fails to consider material evidence, or makes a finding without evidentiary support. *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50 ¶ 27 (App. 2007). Mother argues the court abused its discretion in three ways.

**¶9**   First, Mother challenges the court's refusal to admit a 2013 police report against Father for stalking, and other allegations of domestic violence from before April 2020. However, the court explained the question before it in November 2022 was whether circumstances had changed since the April 2020 ruling leaving joint legal decision-making and custody in place. The court pointed out the 2013 report was admitted and considered in the April 2020 ruling. *See State v. Spreitz*, 190 Ariz. 129, 146 (1997) (explaining that absent abuse of discretion, reviewing courts will not "'second-guess a trial court's ruling on the admissibility or relevance of evidence.'") (quoting *State v. Rodriguez*, 186 Ariz. 240, 250 (1996)). There was thus no error in declining to admit evidence predating April 2020, as that evidence could not establish a change in circumstances since then.

**¶10**   Second, Mother argues the court erred by not finding a history of domestic violence, given the court finding such a history in the March 2022 temporary orders. Mother's challenge misses the mark for several reasons. Mother does not cite specific instances in the record of domestic violence after April 2020. *See* ARCAP 13(d) ("references to evidence or other parts of the record must include a citation to the index, exhibit, or page of a certified transcript . . . where such evidence or other material appears."). More substantively, as to the period after April 2020, the temporary orders make specific reference only to the leg-grabbing episode as an instance of domestic violence. Thus, it was not an abuse of discretion for the superior court in its final order to conclude that the evidence did not support "a history of domestic violence and child abuse."

**¶11**   Yet even assuming a history of domestic violence and child abuse, the superior court performed the analysis A.R.S. § 25-403.03(E) requires. Father rebutted the presumption against awarding him joint legal decision-making triggered by the order of protection in favor of T.S. The

court found Father was contrite and had apologized for the leg-grabbing, completed a parenting class, engaged in no further acts of child abuse or domestic violence, and was going to engage in further counseling to buttress his parenting skills. The court also noted the court-appointed advisor ended the case believing joint legal decision-making, with Mother having final decision-making authority, was in the children's best interest. That observation has added force, given that the temporary orders upon which Mother relies in this court rested upon that advisor's previous report. Given the court's findings, there was no abuse of discretion in the court finding Father rebutted the presumption under A.R.S. § 25-403.03(E).

¶12　　　　Third, Mother asserts the superior court erred by not receiving into evidence a letter from the children's psychologist. This assertion is incorrect — the court admitted the letter, but declined to receive Mother's testimony about its contents. Finally, Mother offers no authority to challenge the court's decision not to hear her testimony about its contents.

¶13　　　　For these reasons, Mother shows no abuse of discretion in the court's orders concerning legal decision-making and parenting time.

## II.　The Court Abused Its Discretion by Ordering Mother to Participate in Individual Counseling Concerning a Wide Array of Subjects.

¶14　　　　Mother objects to the superior court's order that she participate in psychological counseling to address a long list of subjects, including a catch-all: "other issues that may be raised during the counseling." Mother's objection is correct as a matter of law.

¶15　　　　Arizona Rule of Family Law Procedure 95(b) allows a court to order parties to "engage in behavioral or mental health services, including counseling and therapeutic interventions." Ariz. R. Fam. Law P. 95(b). That power derives from the court's authority under to seek the opinions of professionals to guide it in its decisions concerning legal decision-making and parenting time under A.R.S. § 25-405(B). But once those proceedings are done, the power expires. *See Paul E. v. Courtney F.*, 246 Ariz. 388, 397 ¶ 37 (2019) ("[H]aving decided the legal decision-making and parenting time issues before it, the court had no statutory power to order Mother to participate in long-term psychotherapy going forward."). Accordingly, the court abused its discretion by ordering Mother to participate in counseling. For the same reason, the court's order that Father participate in counseling is an abuse of discretion.

### III. The Court Did Not Abuse Its Discretion by Awarding Father Attorneys' Fees.

¶16     We review an award of attorneys' fees for abuse of discretion. *MacMillan v. Schwartz*, 226 Ariz. 584, 592 ¶ 36 (App. 2011). We review the court's findings in the light most favorable to upholding the award and will affirm if any reasonable evidence in the record supports the decision. *Mitchell v. Mitchell*, 152 Ariz. 317, 323 (1987). The family court may award a party attorneys' fees after considering the parties' financial resources and the reasonableness of their positions. A.R.S. § 25-324.

¶17     The family court properly awarded fees, given the record. First, the court considered the parties' financial resources, finding minimal disparity in the parents' respective financial positions. Second, the court found mother acted unreasonably during the course of litigation in multiple ways. She challenged the court's 2016 factual finding that Father was S.S.'s legal parent despite knowing the issue could not be raised. She also failed to consider Father's settlement offer to convert the temporary orders into permanent orders. Mother's position was unreasonable because the final orders paralleled those temporary orders, demonstrating the merit of Father's request. Because Mother's unreasonable positions forced Father to incur more attorneys' fees preparing for trial, the court properly awarded those fees. We see no abuse of discretion in these findings.

### IV. The Court Did Not Abuse Its Discretion By Apportioning the Cost of the Children's Counseling Equally.

¶18     Mother asserts the court abused its discretion by dividing financial responsibility for the children's counseling equally between the parents, despite dividing medical expenses 75%-25%. Yet the Child Support Guidelines confer that very discretion upon the court. *See Amadore v. Lifgren*, 245 Ariz. 509, 518 ¶ 30 (App. 2018) (finding the Child Support Guidelines require courts to specify the percentage of uninsured medical expenses for which each parent is responsible); A.R.S. § 25-320 app. ("Guidelines") § X.C.3. Mother offers no argument to suggest an even split of expenses is an abuse of discretion given the different allocation of a different expense in the November 2022 order. Nor does she support her argument with specific reference exhibits or transcripts. *See* ARCAP 13(d). For these reasons, we see no abuse of discretion in the equal apportionment of this expense.

## CONCLUSION

¶**19** For the foregoing reasons, we affirm the superior court's order as to legal decision-making authority, parenting time, cost of children's counseling and attorneys' fees, but vacate the order's provision requiring Mother and Father to participate in individual counseling.



AMY M. WOOD • Clerk of the Court
FILED: AA