NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JOHNEL ROGERS, *Petitioner/Appellant*,

*v.*

SPECIALTY UNIQUE ROGERS, *Respondent/Appellee*.

No. 1 CA-CV 24-0467 FC

FILED 02-13-2025

Appeal from the Superior Court in Maricopa County
No.  FC2022-004094
The Honorable Patricia A. Starr, Judge

**AFFIRMED**

COUNSEL

Johnel Rogers, Tacoma, WA
*Petitioner /Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge D. Steven Williams joined.

**P E R K I N S**, Judge:

¶1        Johnel Rogers ("Father") appeals from the child support order in the decree dissolving his marriage to Specialty Unique Rogers ("Mother"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Father and Mother married in 2015 and share two children together. In June 2022, Father petitioned the superior court to dissolve his marriage and requested he and Mother share joint legal decision-making authority for the children. Mother requested sole legal decision-making authority and a child support award consistent with the Child Support Guidelines. *See* A.R.S. § 25-320.

¶3        Despite initiating the dissolution proceedings, Husband later argued that the superior court lacked jurisdiction and filed two motions to dismiss. The court denied both motions.

¶4        The court awarded Father and Mother joint legal decision-making authority and gave Mother final decision-making authority if the parties cannot agree. The court awarded Father five weeks of parenting time per year. It also ordered Father to pay $1,117 per month in child support and entered a past-support judgment for $24,574. Father timely appealed.

## DISCUSSION

¶5        Mother did not file an answering brief. While we typically treat an appellee's lack of response as a confession of error, *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966), we may decline to do so when a child's best interests are at issue, *In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2 (App. 2002), as is the case here. We thus decline to treat Mother's lack of response as a confession of error.

¶6        Father argues (1) the decree is void because the superior court lacked subject matter jurisdiction, (2) his constitutional rights were violated in various ways, (3) the child support order is invalid because it lacks a "judicial signature," (4) he is entitled to relief under 42 U.S.C. § 1983, and (5) child support is not in the children's best interests.

¶7        The superior court had subject matter jurisdiction because Father petitioned for dissolution, joint legal decision-making authority, and parenting time, and Mother, who lives in Maricopa County with the

children, requested child support. *See* A.R.S. § 25-311(A) (superior court has jurisdiction to hear and decide matters relating to dissolution, legal decision-making authority, and parenting time); A.R.S. § 25-502(A) (superior court has jurisdiction to hear child support matters).

**¶8**   As to the remaining issues, the law Father cites does not support his contentions. *See* ARCAP 13(a)(7). Apart from constitutional amendments, Husband cites federal law that does not apply to this state court action. Throughout his brief, Father cites general legal principles but does not explain how they apply here. "Arguments that are unsupported by legal authority and adequate citation to the record are waived." *J.W. v. Dep't of Child Safety*, 252 Ariz. 184, 188, ¶ 11 (App. 2021). Father thus waived these arguments and we do not address them.

## CONCLUSION

**¶9**   We affirm the superior court's decree and child support order. We deny the relief Father requests in his opening brief.



AMY M. WOOD • Clerk of the Court
FILED:
JR