NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In Re the Matter of:

CHRISTOPHER WOOLWINE, *Petitioner/Appellee,*

*v.*

ROBERTA ABDALLAH, *Respondent/Appellant.*

No. 1 CA-CV 24-0775 FC

FILED 05-20-2025

Appeal from the Superior Court in Maricopa County
No. FC2020-002822
The Honorable Melissa Zabor, Judge

**VACATED IN PART, REMANDED**

COUNSEL

Christopher Woolwine, Phoenix
*Petitioner/Appellee*

Burt Feldman Grenier, Scottsdale
By Sandra Burt, Ashley Ponzo
*Co-Counsel for Respondent/Appellant*

Reardon House Colton PLC, Scottsdale
By Kristi A. Reardon
*Co-Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Judge Daniel J. Kiley delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge David D. Weinzweig joined.

---

**K I L E Y**, Judge:

¶1        Roberta Abdallah ("Mother") and Christopher Woolwine ("Father") had equal parenting time with their children, and Mother was required to pay Father child support. The superior court entered temporary orders that drastically limited Father's parenting time and suspended Mother's child support obligation. Two months later, the court vacated its temporary orders without modifying Mother's child support obligation during the time that the temporary orders were in effect. Mother now argues that the court should have redetermined child support during the two months that the children were primarily in her care. We agree.

## FACTS AND PROCEDURAL BACKGROUND

¶2        We view the facts in the light most favorable to upholding the family court's findings. *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 17 (App. 2015) (citation omitted). Mother and Father, who were never married, have two minor children in common. In early 2023, the superior court issued a decree (the "Decree") awarding Mother sole legal decision-making authority for the children and granting the parties equal parenting time. The Decree required Mother to pay Father child support of $2,250 per month.

¶3        In mid-May 2024, Mother petitioned to modify parenting time and child support, asserting that Father had exercised virtually no parenting time since November 2023, leaving the children "almost exclusively with Mother." Mother asked that the court reduce Father's parenting time and redetermine child support in accordance with the Arizona Child Support Guidelines. Along with her petition, Mother filed a motion for temporary orders requesting the same relief on an expedited basis.

¶4        After an evidentiary hearing in June 2024, the superior court issued temporary orders designating Mother as the children's primary residential parent, limiting Father's parenting time to three hours on

Wednesday afternoons and ten hours on alternate Saturdays. Instead of redetermining child support, the court simply "suspend[ed] all child support, effective immediately, going forward."

¶5        After an evidentiary hearing on Mother's petition to modify in August 2024, the court found that Mother's claim that Father stopped exercising parenting time in November 2023 was "not credible." Concluding that Mother was trying to "manipulate[] the legal process to punish Father," the court denied Mother's petition to modify, and reinstated the Decree's "equal time" parenting plan. The court further stated that because it "has not modified the parenting plan," no modification of child support was warranted.

¶6        Mother timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

¶7        Mother does not challenge the court's denial of her petition to modify. Instead, she argues that the court abused its discretion by reinstating her $2,250-per-month child support obligation for the two months when the temporary orders were in effect. Noting that the Decree's child support provision was premised on an "equal time" parenting plan, Mother contends that the court erred by "suspending" her child support obligation and then "reinstat[ing]" it two months later. During the two-month period when the temporary orders were in effect, she argues, Father's parenting time was severely limited. Reinstating the prior child support order without "adjust[ing]" her obligation to account for the two-month modification of the parenting time schedule, she concludes, unfairly leaves her obligated to pay Father child support for the two months that the children were, by court order, almost exclusively in her care. We review child support awards for an abuse of discretion. *Sherman v. Sherman*, 241 Ariz. 110, 112, ¶ 9 (App. 2016) (citation omitted).

¶8        Father did not file an answering brief. While an appellee's failure to file an answering brief is generally deemed a confession of error if the appeal raises debatable issues, *Tiller v. Tiller*, 98 Ariz. 156, 157 (1965) (citations omitted), this principle does not apply to issues relating to a child's best interests. *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966); *see also Matter of Mayberry v. Stambaugh*, 1 CA-CV 23-0289 FC, 2024 WL 1282653 at *5, ¶ 19 (Ariz. App. Mar. 26, 2024) (mem. decision) (Morse, J., specially concurring) (citing case law recognizing a "child's-best-interest exception

to the mandatory-confession-of-error rule"). Because the determination of child support is a matter affecting children's best interests, we do not construe Father's failure to file an answering brief as a confession of error.

¶9            When entering or modifying a parenting time order, the court must also "determine an amount of child support in accordance with [A.R.S.] § 25-320 and [the] guidelines established pursuant to that section." A.R.S. § 25-403.09; *see also* Appendix to A.R.S. § 25-320, Arizona Child Support Guidelines ("Guidelines") § 1(D) ("The court must consider child support in *any* action to establish or modify legal decision-making, parenting time, and child support or past support, whether temporary or final, and whether intrastate or interstate." (emphasis added)). The factors set forth in the Guidelines that are relevant to calculating child support include "[t]he duration of parenting time and related expenses." A.R.S. § 25-320(D)(8); *see also* Guidelines § 5(A)(2) ("When parenting time is or is expected to be exercised by both parents, an adjustment is made to the proportionate share of the Combined Child Support Obligation.").

¶10            Once established, a child support order may be modified upon a finding of a "changed circumstance that is substantial and continuing." A.R.S. § 25-503(E). If a court modifies a parenting time schedule, the court must also consider whether the modification constitutes a substantial and continuing change in circumstances requiring a modification of child support. A.R.S. § 25-403.09(A) ("For any parenting time entered under this article, the court *shall* determine an amount of child support in accordance with [Section] 25-320 and [the] guidelines established pursuant to that section.") (emphasis added); *see also Heidbreder v. Heidbreder*, 230 Ariz. 377, 379-80, ¶ 7 (App. 2012) ("[O]nce the court granted Mother's petition to modify custody, it was required to address child support.").

¶11            Of course, a court is not required to revisit the issue of child support *at the same time* it modifies parenting time. After all, a parenting time order may be modified on short notice under exigent circumstances that do not allow time for a contemporaneous redetermination of child support. But whenever a court modifies parenting time, the court must *at some point* determine whether the modification constitutes a substantial and continuing change in circumstances warranting a modification of child support. And if so, the court must redetermine child support to account for the change in the parenting time schedule (while, of course, taking into account all other relevant facts, including any changes in the parties' respective incomes since child support was last calculated).

¶12 Here, the court's June 2024 temporary orders drastically reduced Father's parenting time. Although the court later determined that the modification was based on Mother's false allegations, that determination did not permit the court to simply reinstate Mother's $2,250-per-month child support obligation during the two months that the children were, by court order, primarily in her care.

¶13 Nothing in the record indicates that, when the court restored Father's pre-June 2024 parenting time in August 2024, it considered whether the two-month temporary modification of the parenting time schedule was a substantial and continuing change in circumstances requiring a redetermination of child support during the time the temporary orders were in effect. *See* A.R.S. § 25-403.09(A). Accordingly, we vacate the court's August 2024 order to the extent that it reinstated Mother's $2,250-per-month child support obligation during the two months that the temporary orders were in effect. We remand for the court to determine whether the court's modification to the parenting time schedule effected a "substantial and continuing" change in circumstances under Section 25-503(E) while the modified schedule was in effect. If so, the court must redetermine child support for the period during which the modified parenting time schedule was in effect.

¶14 Mother requests an award of attorney fees and costs on appeal pursuant to A.R.S. § 25-324. In our discretion, we decline to award attorney fees. As the prevailing party, Mother may recover her costs on appeal upon compliance with ARCAP 21(b).

## CONCLUSION

¶15 We vacate the court's August 2024 order to the extent that it reinstated Mother's $2,250-per-month child support obligation during the two months that the June 2024 temporary orders were in effect, and remand for further proceedings consistent with this decision.

