NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

THOMAS C. WILCOX, *Petitioner/Appellee,*

*v.*

CARRIE M. WILCOX, *Respondent/Appellant.*

No. 1 CA-CV 25-0014 FC

FILED 08-12-2025

Appeal from the Superior Court in Mohave County
No. L8015DO201707187
The Honorable Megan A. McCoy, Judge

**AFFIRMED**

COUNSEL

Thomas C. Wilcox, Lake Havasu City
*Petitioner/Appellee*

Community Legal Services, Kingman
By Charles R. Seyffer, Carlene H. Lacy
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Veronika Fabian joined.

---

**M O R S E**, Judge:

¶1        Carrie M. Wilcox ("Mother") challenges the superior court's order denying her Petition to Modify.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Thomas C. Wilcox ("Father"), divorced in 2018, share three children.  The initial dissolution decree awarded substantially equal parenting time and joint legal decision-making authority.  Following a 2020 mediation, the superior court slightly modified the parties' parenting time and legal decision-making authority.

¶3        Mother obtained an order of protection against Father which restricted their communication to legal process and the "OurFamilyWizard App."  In March 2024, authorities arrested Father for violating that order of protection. He pled guilty to misdemeanor interference with judicial proceedings.

¶4        In September 2024, Mother petitioned to modify parenting time, legal decision-making, and child support.  She alleged Father's violation of the order of protection constituted domestic violence, and that he generally fell short in his parental duties.

¶5        The superior court held a hearing during which Father opposed the petition to modify, and a trial date was set.

¶6        At trial, Mother, Father, and two witnesses testified.  After trial, the superior court ordered Mother and Father to attend a parenting program, but found Mother did not establish a "substantial change in circumstances" and that changes to parenting time, legal decision-making, and child support were unwarranted.  The superior court specifically found domestic violence was a factor but that Father had rebutted any presumption.

2

¶7         Mother timely appealed.  Mother also filed a notice in which she indicated that she did not order a copy of the hearing transcript.  Father did not file an answering brief.  We have jurisdiction under A.R.S. § 12-2101(A)(1).  *See* Ariz. R. Fam. Law P. 78(a).

## DISCUSSION

¶8         Mother argues the superior court abused its discretion by: (1) applying the wrong legal standard prescribed by A.R.S. § 25-411(L); (2) summarily dismissing Mother's petition after granting a hearing; and (3) failing to make specific findings pursuant to A.R.S. § 25-403.03(E).

¶9         When an appellant raises a debatable issue and the appellee does not file an answering brief, we treat the failure to respond as a confession of error unless a child's best interests are at issue.  *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966); *see also Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003) ("We have repeatedly stressed that the child's best interest is paramount in custody determinations.").  Because children's best interests are at issue here, we do not treat Father's lack of response as a confession of error and consider the merits of Mother's appeal.  *See Hoffman*, 4 Ariz. App. at 85.

¶10         "We review the superior court's award of legal decision-making and parenting time for an abuse of discretion.  An abuse of discretion occurs when the court commits an error of law in reaching a discretionary decision or the record is devoid of competent evidence to support the decision." *Mesa v. O'Connor*, ___ Ariz. ___, ___, ¶ 14 (App. 2025) (cleaned up).  "[W]e do not reweigh evidence" on appeal and defer to the superior court's credibility determinations.  *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019).

¶11         When the superior court finds there is adequate cause to hear a petition to modify legal decision-making or parenting time orders, "it shall set a date for hearing on why the requested modification should not be granted."  A.R.S. § 25-411(L).  "[T]he court may modify or reduce parenting time by (1) determining 'whether a change of circumstances **materially** affecting the welfare of the child' exists, then (2) determining 'whether a change in custody will be in the best interests of the child.'" *Mesa*, ___ Ariz. at ___, ¶24 (emphasis added) (citing *Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶ 14 (App. 2020)).  "[T]he burden is on the moving party to satisfy the court that conditions and circumstances have so changed after the original decree as to justify the modification." *Burk v. Burk*, 68 Ariz. 305, 308 (1949).

"The superior court is vested with broad discretion to decide whether a change of circumstances has occurred." *Backstrand*, 250 Ariz. at 343, ¶14.

**¶12** The superior court is only required to make findings on the record when mandated by rule or statute. *See Mesa*, ___ Ariz. at ___, ¶27 (citing *Hart v. Hart*, 220 Ariz. 183, 188, ¶ 16, (App. 2009)) ("Although the court must make findings consistent with [A.R.S.] § 25-411(J), these findings need not 'be reduced to writing or stated on the record.'").

**¶13** "When a party fails to include [transcripts or other necessary documents], we assume they would support the court's findings and conclusions." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). "It is the appellant's burden to ensure that the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised." *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010) (internal quotations and citation omitted); *see also Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 7 n.2 (App. 2018) (stating that in family court appeals, "we must presume the record supports the court's conclusion" when neither party presents transcripts necessary to consider the issues raised).

## I.     A.R.S. § 25-411(L) and Summary Dismissal.

**¶14** Mother contends the superior court erred by: (1) evaluating whether there was a "substantial" change in circumstances, arguing that this is a more rigorous standard than the "material" standard set forth for A.R.S. § 25-411(L) in *Backstrand*; and (2) summarily dismissing the petition after she met the prerequisites for an evidentiary hearing as discussed in *Downs v. Scheffler*, 206 Ariz. 496 (App. 2003).

**¶15** Mother's first argument is unpersuasive. While the superior court's ruling uses the word "substantial," this Court has previously used "substantial" as equivalent to "material" in this context. *See Backstrand*, 250 Ariz. at 345, ¶ 23 ("'substantial,' i.e., a change that materially affects the welfare of the child"); *French v. Morin,* 1 CA-CV 16-0688 FC, 2017 WL 4782242, at *2, ¶ 7 (Ariz. App. Oct. 24, 2017) (mem. decision) (equating superior court's finding in best interests context of "no 'substantial or continuing change'" to "no material change").

**¶16** Because Mother did not provide a transcript, we assume any missing record supports the superior court's ruling. ARCAP 11(c)(1)(B) (stating appellant has the duty to include all relevant transcripts to challenge a "judgment, finding or conclusion" as "unsupported by the evidence or [] contrary to the evidence"); *Baker*, 183 Ariz. at 73 (same). The superior court's discussion of relevant factors—including recommended

parenting courses, counseling, and the use of communication applications for contact between the parties and children—supports the presumption that the superior court considered all relevant facts. In this context, the word "substantial" reflects the superior court's conclusion that Mother failed to demonstrate a "material" change in circumstances.

**¶17**      Moreover, Mother fails to demonstrate that the superior court erred in dismissing her petition. Even after finding that a party's allegations are sufficient to require a hearing, the superior court must then engage in a two-prong inquiry, first determining whether there has been a material change in circumstances. *See Mesa*, ___ Ariz. at ___, ¶24. Unlike in *Downs*, 206 Ariz. at 499–500, ¶ 10, the superior court here found that Mother had not established the required change in circumstances that would necessitate best-interests findings.

**¶18**      Mother has not established any abuse of discretion.

## II.     A.R.S. § 25-403.03(E).

**¶19**      Mother also argues that the superior court made inadequate findings regarding continued joint legal decision-making and the children's best interests. But because the superior court did not err in concluding that Mother had failed to establish a material change in circumstances, we need not address the superior court's best-interests findings. *Id.*; *see also Pridgeon v. Superior Ct.*, 134 Ariz. 177, 180 (1982) ("Only after the court finds a change has occurred does the court reach the question of whether a change in custody would be in the child's best interest.").

## III.    Attorney Fees.

**¶20**      Mother requests attorney fees and costs under A.R.S. §§ 25-324, -403.08, and ARCAP 21. Because Mother is not the prevailing party we decline her request.

## CONCLUSION

**¶21**      For the foregoing reasons, we affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR