NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

GILBERT MESA III, *Petitioner/Appellee*,

*v.*

NICOLE COPELAND, *Respondent/Appellant*.

No. 1 CA-CV 25-0231 FC

FILED 12-10-2025

Appeal from the Superior Court in Maricopa County
No. FC2022-006550
The Honorable Amanda M. Parker, Judge

**VACATED AND REMANDED**

COUNSEL

The Arizona Firm, Mesa
By Jessica McCann
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge David D. Weinzweig and Judge Cynthia J. Bailey joined.

_____

**P E R K I N S**, Judge:

¶1        Nicole Copeland ("Mother") argues the superior court erred by finding that a valid agreement existed between her and Gilbert Mesa III ("Father") under Arizona Rule of Family Law Procedure ("Rule") 69 and thus erred by entering the agreement as a consent order under Rule 45, or alternatively, entering a consent order with materially different terms than the purported Rule 69 agreement. For the following reasons, we reverse and remand for proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Father were never married and share one minor child. In October 2022, Father filed a petition to establish legal decision-making, parenting time, and child support.

¶3        From February to August 2024, Mother's counsel and Father's counsel negotiated a settlement over a series of signed email exchanges. Father's counsel included the following disclaimer in the signature block of each of her emails: "Be advised, this communication does not constitute an agreement pursuant to Rule 69 Arizona Rules of Family Law Procedure."

¶4        On May 1, Father's counsel emailed a four-page proposal to Mother's counsel that covered legal decision-making, communication, a phone call schedule, parenting time and holidays, supervised visitation, tax credits, and attorney fees. The proposal did not address child support or educational arrangements.

¶5        The same day, Mother's counsel responded, "We agree with these terms, but for the phone calls. I am still working with my client regarding her position . . . That being said, I am sure we will get to an agreement on that issue. I look forward to reviewing the final documents." Father's counsel filed a joint notice of settlement and motion to vacate the next day.

**¶6**            On May 16, Father's counsel wrote that the final drafts were with Father for his approval.

**¶7**            On June 6, Mother's counsel requested an update. Later that day, Father's counsel wrote back: "Attached for your client's review and/or revisions is the initial *draft* of the *Consent Order and Parenting* Plan. [sic] This outlines the parties [sic] agreements per our prior settlement conference, however, [the draft] has not yet been approved as final by Father and may be subject to final revision." (emphasis in original). Mother's counsel did not respond to that email, and the attached draft is not in the record on appeal.

**¶8**            Sometime in June or July, Mother fired her attorney. Mother's counsel did not take steps to withdraw and remained the attorney of record.

**¶9**            Father's counsel emailed Mother's counsel three more times between July and August, each time asking if Mother had reviewed and approved the documents or if Mother's counsel had proposed changes for Father's approval. In one email, Father's counsel mentioned the need to prepare an education order. In the last email, Father's counsel addressed child support calculations for the first time and attached a document that is not in the record on appeal. Mother's counsel never responded.

**¶10**            The court held a status conference on November 6, which neither Mother nor her counsel attended. Father's counsel requested permission to lodge a consent order and parenting plan based on the terms agreed to in counsels' emails. Father's counsel represented to the court that counsel had reached "full agreements" on May 1, but did not read those agreements into the record.

**¶11**            The superior court found that a Rule 69 agreement existed, except on the phone call issue. The court signed Father's proposed order and parenting plan on November 21. The order addressed issues including legal decision-making, parenting time, travel, modifications, child support, education, communication, and attorney fees.

**¶12**            In December, Mother filed a *pro per* motion to set aside the November 21 order, alleging her counsel had not communicated with her and had not informed her of court proceedings, and as a result, the order had been entered into without her knowledge or consent. The court denied Mother's motion to set aside its previous order, explaining it had entered Father's proposed order because Father's avowals to the court and Mother's counsel's May 1 signed email together created a valid Rule 69 agreement.

¶13 Mother timely appealed the November 21 order. We have jurisdiction. A.R.S. §§ 12-2101(A)(1), -120.21(A)(1); ARCAP 9(e)(1)(E); Ariz. R. Fam. Law. P. ("ARFLP") 78(a)(1).

**DISCUSSION**

¶14 Father did not file an answering brief. When an appellant raises a debatable issue and the appellee does not file an answering brief, we treat the failure to respond as a confession of error unless a child's best interests are at issue. *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966); *see also Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003) ("We have repeatedly stressed that the child's best interest is paramount in custody determinations."). Because a child's best interests are at issue here, we do not treat Father's lack of response as a confession of error, and we will consider the merits of Mother's appeal. *See Hoffman*, 4 Ariz. App. at 85.

**I. The November 21 order was not a valid consent judgment under Rule 45.**

¶15 When Father lodged the order for the superior court's signature, he cited both Rule 69 and Rule 45 as authority. The court's corresponding minute entry did not clarify whether it was a final court order under Rule 69, or a consent judgment under Rule 45. But the order could not constitute a Rule 45 consent judgment because such an order must be signed by both parties before a notarial officer or the clerk, and be signed by their counsel. ARFLP 45(b)(4). Here, neither party nor their counsel signed the order, so the order was not a valid consent judgment.

**II. The court erred by finding that a Rule 69 agreement existed.**

¶16 The validity of a Rule 69 agreement is a mixed question of fact and law that we review *de novo. Ertl v. Ertl*, 252 Ariz. 308, 312, ¶ 11 (App. 2021). Rule 69(a) allows parties to enter an agreement in one of three ways, two of which are relevant here. Subsection (1) allows for agreements "in writing and signed by the parties personally or by counsel on a party's behalf." Subsection (2) alternatively allows agreements when the "terms are stated on the record before a judge." An agreement that meets the requirements of either provision is presumed valid, and "a party who challenges the validity of an agreement has the burden to prove any defect in the agreement." ARFLP 69(c).

¶17 The superior court could not have found a Rule 69 agreement existed under Subsections (1) or (2) based on Mother's counsel's May 1 emails and Father's counsel's in-court avowals. Subsection (1) requires a

4

signed writing from *both* parties. Though Mother's counsel's signed email may satisfy her half of the bargain, *Ertl*, 252 Ariz. at 313, ¶ 13, Father's counsel's oral avowals do not. Accordingly, there is no agreement under Subsection (1).

¶18 Nor could Father's counsel's one-sided avowals to the court during the November 6 status conference create an enforceable agreement under Subsection (2). Father submitted counsels' email exchanges and orally avowed the emails reflected the parties' agreement. This is not the same as reading the terms of an agreement on the record. Thus, there is no enforceable agreement under Subsection (2).

¶19 Even if Rule 69 permitted the superior court to combine a signed writing under Subsection (1) with an oral avowal under Subsection (2) to find a valid agreement, Mother met her burden to challenge the validity of the order because it contained materially different terms than what she agreed to on May 1. Mother's agreement to the May 1 terms cannot support the entry of an order with differing and additional terms.

¶20 For example, the May 1 proposal requires the parties to communicate primarily through a specific parenting application, but the November 21 order removes that requirement. Parenting time for certain holidays that Mother agreed to on May 1 are missing from the November 21 order. The November 21 order also adds new restrictions on travel, relocation, and modifying the agreement that Mother never assented to. Most significantly, the May 1 proposal is silent on child support and education, but the November 21 order includes terms as to both. Although the terms are consistent with the Arizona Child Support Guidelines and the Arizona Rules of Family Law Procedure, they cannot have been the subject of a May 1 agreement that lacked any such terms.

¶21 The superior court erred by entering the November 21 order and we therefore vacate that order. We leave to the superior court whether the parties' correspondence between February and August of 2024 could constitute a limited Rule 69 agreement for reasons other than those discussed here, and we express no position on the validity of any such agreement.

## III. Attorney fees

¶22 Mother requests attorney fees and costs on appeal as a sanction under Rule 26 and Arizona Rule of Civil Appellate Procedure ("ARCAP") 21. Assuming Rule 26 is a substantive basis for fees under ARCAP 21, Mother has not shown she has complied with Rule 26's notice

and safe harbor requirements. *See* ARFLP 26(c) (a party seeking sanctions must first consult the opposing party in good faith and provide written notice of his or her intent to seek sanctions).

**¶23** Mother cites no other substantive authority for attorney fees. Although we may deny fees on that basis, we will not do so here. *See* ARCAP 21(a)(2). We exercise our discretion and decline to award fees without prejudice to Mother, leaving it to the superior court to consider in its discretion whether to award Mother's appellate fees together with any fees subsequently incurred in superior court.

**¶24** As the successful party on appeal, Mother is entitled to recover her costs on appeal upon her compliance with ARCAP 21. *See* A.R.S. § 12-341.

## CONCLUSION

**¶25** We vacate the November 21 order and remand for proceedings consistent with this decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　JR

6