NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

BRETT S. MAGILL, *Petitioner/Appellant*,

*v.*

ASHLEY LANN, *Respondent/Appellee*.

No. 1 CA-CV 25-0332 FC

FILED 02-03-2026

Appeal from the Superior Court in Navajo County
No. S0900DO202400292
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

COUNSEL

David J. Martin, Attorney at Law, PLLC, Lakeside
*Counsel for Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

---

**P E R K I N S**, Judge:

¶1　　　　Brett Magill ("Father") appeals a superior court order granting sole legal decision-making authority to Ashley Lann ("Mother"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2　　　　Father and Mother have one child together, Brandon (a pseudonym), who was born in 2021. In 2024, both parties petitioned for sole legal decision-making authority over Brandon. The superior court set a hearing on the petitions and ordered the parties to disclose their witness lists and exhibits two weeks before the hearing. Mother did not do so.

¶3　　　　At the hearing, Mother represented herself and called two undisclosed witnesses, her sister and a family friend. The court allowed Mother's witnesses to testify over Father's objections, but offered to continue the hearing to provide Father time to prepare. Father declined the continuance, stating he "did not waive, otherwise, [his] objection." The court then granted Father additional time to cross-examine the witnesses.

¶4　　　　Mother's sister testified to Father's temperament and several instances of domestic violence between Father and Mother. Both witnesses testified to Mother's parenting skills, her relationship with Brandon, and what effect removing Brandon from Mother's care would have.

¶5　　　　The superior court awarded sole legal decision-making authority to Mother, and Father appeals this award. We have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶6　　　　Mother did not file an answering brief. When an appellant raises a debatable issue and the appellee does not file an answering brief, we treat the failure to respond as a confession of reversible error unless a child's best interests are at issue. *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85

(1966); *see also Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003) ("We have repeatedly stressed that the child's best interest is paramount in custody determinations."). Because a child's best interests are at issue here, we consider the merits of Father's appeal. *See Hoffman*, 4 Ariz. App. at 85.

**¶7** Father argues the superior court abused its discretion by allowing Mother's undisclosed witnesses to testify, which prejudiced him. He argues the court should have sanctioned Mother by precluding her witnesses because she did not comply with Arizona Rule of Family Law Procedure ("Rule") 49(i) (parties must disclose the names and expected testimony of witnesses) and Rule 76.1 (parties must file pre-trial statements).

**¶8** The superior court has broad discretion in ruling on evidentiary matters, including whether to allow undisclosed witnesses to testify or to sanction parties for their nondisclosure. *See* Ariz. R. Fam. Law P. 49(i) ("The court may not allow a party to call witnesses whom the party did not disclose."), 76.2(a)(4), (b)(2) (absent good cause for failing to file a pre-trial statement, the court may issue sanctions, including the prohibition of certain matters as evidence). We will not disturb those rulings without a clear abuse of that discretion and resulting prejudice. *Johnson v. Provoyeur*, 245 Ariz. 239, 241–42, ¶ 8 (App. 2018).

**¶9** The court has a "duty to hear all competent evidence offered in determining a child's best interests when making a custody decision." *Reid v. Reid*, 222 Ariz. 204, 206, ¶ 9 (App. 2009). Allowing Mother's witnesses to testify was consistent with that duty. Father argues the court failed to make an express finding that the sister's testimony was relevant to Brandon's best interests. But he does not dispute that the witnesses testified on matters relevant to Brandon's best interests, including a history of domestic violence between the parents, Father's temperament, and Mother's competency as a parent.

**¶10** Father contends he was denied due process because he was not given notice of the witnesses' testimony. But the court offered Father a continuance to correct the lack of notice, and he rejected that remedy. Father thereby waived his objection. *See id.* at 207, ¶ 10 (no abuse of discretion when the court admitted untimely-disclosed evidence relevant to a child's best interests in part because the objecting party did not seek a continuance); *cf. State v. Chitwood*, 73 Ariz. 161, 168–69 (1951) (a defendant who rejects a continuance when faced with an undisclosed witness loses the right to challenge the propriety of that witness's testimony).

**¶11** Father's attorney mischaracterizes *Hays v. Gama* as support for a court's authority to bar evidence deemed relevant to a child's best interests. *Hays* stands for the opposite proposition. In *Hays*, our supreme court vacated a superior court sanction that barred evidence because the sanction significantly impeded the court's independent duty to evaluate a child's best interests. *Id.* at 103–04, ¶¶ 21–23.

**¶12** Father cites no case in which a superior court abused its discretion by *admitting* untimely-disclosed evidence relevant to a child's best interests in a custody proceeding, especially when the aggrieved party rejected a continuance to prepare for that evidence. We have found no such authority. Under these circumstances, the court did not abuse its discretion and we need not consider any resulting prejudice to Father.

**¶13** Father requests his attorney fees and costs on appeal under Arizona Revised Statutes Section 25-324 and ARCAP 21. After assessing the reasonableness of Father's position on appeal and the parties' financial resources, we decline to award fees. Because Father is not the successful party on appeal, we also decline to award costs.

## CONCLUSION

**¶14** We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR

4